Wallahan *et al. v.* The People.

2. AMENDMENTS OF RECORDS—*notice.* If a party desires an amendment or correction of the record in a cause after the term at which the judgment was rendered therein, application for that purpose must be made in open court, and upon notice to the opposite party.

3. SAME—*if improperly made, will be stricken out.* So if an additional or amended bill of exceptions should be procured to be signed in vacation, after the trial, and without notice, it will be stricken from the record on motion in this court.

It appearing that an additional record had been filed in this cause by the appellee, Mr. R. E. WILLIAMS, for the appellants, entered a motion to strike the same from the files.

## WALLAHAN *et al. v.* THE PEOPLE.

(September Term, 1867.)

1. AMENDMENT *of bill of exceptions, at a subsequent term,* can only properly be made when there is something to amend by.

2. PRESUMPTION *in support of an amendment.* But where a bill of exceptions has been amended by the court below, in the absence of an exception in respect thereto, it will be presumed there was something to amend by.

Wallahan *et al. v.* The People.

THE bill of exceptions originally embodied in this record having been stricken out at the last April Term, for the reasons then given, an additional transcript was filed at the present September Term, containing an amended bill of exceptions; and, thereupon, Mr. R. E. WILLIAMS and Mr. T. M. SHAW, for the appellants, moved the court to strike such additional transcript from the files, insisting the same is not legally and properly any part of the record in this cause, the bill of exceptions therein certified being signed and filed two years and four months after the trial of the cause.

The counsel urged that the practice would endanger the rights of parties, to permit bills of exceptions to be amended after such a lapse of time, by incorporating other matters of evidence than those contained in the original bill of exceptions, when there is nothing to amend by — the testimony resting alone in the memory of the judge below, or of counsel.

Per CURIAM: An amendment of a bill of exceptions, incorporating evidence alleged to have been omitted from the original bill of exceptions, should not be allowed at a term subsequent to that at which the trial was had, unless there is something in the court below to amend by. But where the court below has made the amendment, in the absence of any exception to the source of information upon which the court acted, we must presume there was something to amend by — some note or memorandum of the evidence, sufficient to enable the court to make the proper amendment.

Had the party objecting to this amendment, shown to us by bill of exceptions, that there was nothing in the court below, or no sufficient means of information, by which the amendment could properly be made, we should regard this motion very differently. But as there is nothing before us showing such a state of case, the presumption must be indulged that the court below did not act without sufficient memoranda upon his docket or on file in the cause of what the testimony was, and by which the amendment might be made.

*Motion overruled.*