The Chicago, Milwaukee and St. Paul Railway Company

*v.*

Patrick Walsh.

*Filed at Ottawa June 19, 1894.*

1. Appellate Court—*duty to pass upon the assignment of errors.* Where the bill of exceptions is properly certified that it contains all the evidence, it is the duty of the Appellate Court to consider and determine the errors assigned, and it will be error to refuse to pass upon them.

2. Bill of exceptions—*when amendable.* Upon the filing of a bill of exceptions it becomes a part of the record in the cause, and if, for any reason, it fails to fully and correctly show what actually transpired at the trial, it, like other portions of the record, is amendable.

3. After the term has expired at which the record is made, or the time limited for settling the bill of exceptions has passed, the amendment can be made only by bringing the parties in interest again into court, by the service of proper notice, and then only when there is some memorandum, minute or note of the judge, or something appearing on the records or files of the court, to show the facts in respect of which the amendment is sought to be made.

4. Where the trial court makes an amendment of a bill of exceptions, in the absence of any exception to the source of information upon which the court acted it will be presumed there was something to amend by,—some note or memorandum of the evidence sufficient to enable the court to make the proper amendment; and it is incumbent upon the party objecting to the amendment, to show, by bill of exceptions, upon what the court acted, if he intends to question its sufficiency to authorize the amendment to be made.

5. The judge, in an order allowing an amendment of a bill of exceptions, certified that on the motion to amend he examined the record in the case, including the stenographer's transcript of the evidence theretofore filed and made a part of the record, and the various papers and exhibits introduced in evidence; that he kept some minutes of the evidence heard at the trial, but not sufficiently full to authorize the making of the certificate from said minutes alone, but that on the motion for new trial the original bill of exceptions, which contained the stenographer's transcript of the evidence, was examined by him; and the judge then certified that from his personal knowledge and recollection it was true that the bill of exceptions contained all the evidence in the case: *Held,* that such certificate was sufficient to authorize the amendment of the bill of exceptions.

6. SAME—*amending from stenographer's notes.* It is true that the amendment could not be made from the personal knowledge or recollection of the judge. The judgments and records of courts can not be permitted to rest upon so uncertain a foundation. But if the judge acts upon sufficient matters shown by the record, independent of his personal recollection, and allows an amendment, there will be no error. The court may also refer to the report of the evidence made by a stenographer, though not bound to take it as true.

7. And when the trial judge has in apt time approved the transcript made by an official stenographer, as being a correct transcription of the evidence, there can be no objection to his referring to the same as accurate *data* upon which to predicate his future order in the cause.

8. SAME — *amending — preserving a record of proceedings therein.* Where the court allows an amendment of a bill of exceptions, if either party requires it, a bill of exceptions will be allowed showing the facts upon which the action of the court is based. But when the court recites in its order the facts upon which the amendment is predicated, and which is duly signed and sealed by the judge, it performs the office of a bill of exceptions, and there is no objection to the practice of thus preserving in the record such facts.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

Mr. EDWIN WALKER, for the appellant.

Messrs. WALKER, JUDD & HAWLEY, for the appellee.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

This was an action by appellee, against appellant, to recover damages for personal injury. Trial by jury resulted in a verdict of $29,583.33⅓, for which plaintiff had judgment. On appeal to the Appellate Court that court found, and entered as a part of its final order, its finding "that the record in this case does not contain any certificate that the bill of exceptions contains all the evidence introduced on the trial of the cause in the court below, and therefore this court is bound to presume there was sufficient evidence to sustain the judgment, and therefore declines to consider any and all of the

errors assigned." The judgment was accordingly affirmed, and an appeal prayed and allowed to this court.

The only question we shall consider upon this record is that raised by the assignment of error that the Appellate Court erred in refusing to consider the errors of law and fact assigned in that court. If the bill of exceptions was properly certified, it was admittedly the duty of the Appellate Court to consider and determine the errors assigned.

The bill of exceptions, as originally incorporated into the record, was defective, in that there was no certificate that it contained all of the evidence introduced at the trial. In the Appellate Court there was a suggestion of diminution of the record, and leave asked and granted to file an additional record. The additional record filed was an additional transcript of the record of the circuit court of Cook county, certified by the judge before whom the trial was had, at a term of the court subsequent to that at which the judgment was rendered. It appears that the original bill of exceptions was signed and filed September 25, 1893, and an order was entered in the cause by the court, October 30, 1893, *nunc pro tunc*, as of September 25, 1893, as follows:

"On motion of attorneys for defendant, after notice duly given to the plaintiff, and all parties being in court, and after a careful examination of the record in this case by the Honorable R. W. Clifford, judge thereof, and of the stenographer's transcript of the evidence heretofore filed herein and made a part of the records in said cause, and of the various papers and exhibits introduced in evidence in said case and made a part of the record in said cause by being embodied in said bill of exceptions heretofore signed and sealed, to-wit, on the 25th day of September, A. D. 1893, and the court being fully advised in the premises, said judge hereby certifies that he kept some minutes of the evidence in said case upon the trial thereof, but not sufficiently full to authorize the certificate from said minutes, alone, that said bill of exceptions con-

39—150 Ill.

tained all the evidence offered or introduced in the case, but
further certifies that on the motion for a new trial said bill of
exceptions hereinbefore referred to was presented and exam-
ined by said judge, and that from his personal knowledge and
recollection it is true that said bill of exceptions contained all
the evidence offered or introduced on the trial; and therefore,
upon motion of defendant's counsel, it is ordered that the cer-
tificate of said judge to said bill of exceptions be so amended
as to certify the facts, by inserting the following, to-wit:
'The foregoing bill of exceptions contains all the testimony
and evidence introduced in the case by either and both of said
parties, and that this order be entered of record in said cause
*nunc pro tunc*, as of the 25th day of September, A. D. 1893,'—
to the entry of which said order, and the action of the court
relative thereto, the plaintiff, by his counsel, then and there
excepted.                           Richard W. Clifford,
(Seal.)          *Judge of Circuit Court of Cook Co.*"

Upon filing the original bill of exceptions it became a part
of the record in the cause, and if, for any reason, it failed to
fully and correctly show what actually transpired at the trial,
was, like other portions of the record, amendable. After the
term has expired at which the record is made or the time
limited for settling the bill of exceptions has passed, the
amendment could be made only by bringing the parties in
interest again into court by the service of proper notice, and
then only where there was some memorandum, minute or note
of the judge, or something appearing on the records or files
of the court to show the facts in respect of which the amend-
ment is sought to be made. *Coughran* v. *Gutcheus*, 18 Ill. 390;
*Wallahan* v. *The People*, 40 id. 102; *Goodrich* v. *Minonk*, 62 id.
121; *Heinsen* v. *Lamb*, 117 id. 549; *The People* v. *Anthony*,
129 id. 218.

That proper notice was given of the intended application
for amendment of the record, and that the parties in interest

were actually present before the court upon such application, is not questioned. It is, however, insisted, that the court was not authorized to make and enter the order amending the record, for the reason that it is not shown that it was made from any memoranda or minute kept by the judge, or that anything appeared in the record and files from which the amendment could be made.

It is first objected that there was no separate bill of exceptions taken, showing upon what the court acted in making the amendment. Undoubtedly, if either party had seen proper to request it, such a bill of exceptions should have been allowed. But where the court recites in its order the facts upon which the amendment is predicated, and which is duly signed and sealed by the judge, as was here done, it performs the office of a bill of exceptions, and no objection is perceived to the practice of thus preserving in the record such facts,—and this must necessarily be so where no bill of exceptions is asked, and the parties, being present in court, fail to object. Moreover, if the recitals in the order are rejected as no part of the record, it can not avail appellee. In *Wallahan* v. *The People, supra,* which has been approved in many subsequent cases, it was held, that where the court below has made an amendment, in the absence of any exception to the source of information upon which the court acted, it must be presumed there was something to amend by,—some note or memorandum of the evidence sufficient to enable the court to make the proper amendment; and it was incumbent upon the party objecting to the amendment, to show, by bill of exceptions, upon what the court acted, if he intended to question its sufficiency to authorize the amendment to be made.

Treating, therefore, the recitals of fact in the order as the basis upon which the court acted, is there sufficient shown to authorize the amendment,—that the bill of exceptions, made part of the record, contained all the evidence introduced at the trial? The judge certifies that, upon the motion of ap-

pellant to amend the record, he examined the record in the case, including the stenographer's transcript of the evidence theretofore filed and made part of the record, and the various papers and exhibits introduced in evidence in the case; that he kept some minutes of the evidence heard at the trial, but not sufficiently full to authorize the making of the certificate from said minutes alone, but that on the motion for new trial the original bill of exceptions, which contains the stenographer's transcript of the evidence, was examined by him, etc. The judge then certifies that, from his personal knowledge and recollection, it is true that said bill of exceptions contained all the evidence offered on the trial.

It is unquestionably true that the amendment could not be made from the personal knowledge or recollection of the judge. Judgments and records of courts can not be permitted to rest upon so uncertain a foundation. But it is evident that the amendment was made, not alone from the recollection and personal knowledge of the judge, but from the *data* remaining on file, to which he certifies he referred; and the fact that he adds, in his recitals, the further sanction of his personal knowledge and recollection, will not vitiate the amendment, if authorized by the facts appearing upon the record and files or in the minutes or memoranda kept. The judge had, on the motion for new trial, examined a transcript of the evidence taken by the stenographer at the trial, and had subsequently incorporated it into the bill of exceptions and made it part of the record. That transcript of the evidence was before him and is before us.

Formerly, the judge was necessarily dependent upon his notes and memoranda, and the record and files in the cause, for *data* upon which to predicate an amendment. The keeping of minutes by the trial judge, which were always necessarily meagre, has very largely fallen into disuse, for the reason that the more accurate, and, indeed, reliable, mode has been adopted of keeping full stenographic notes of what

occurred at the trial, and the practice has become practically uniform, both with the courts and the bar, to rely upon the stenographic report as the most reliable *data* attainable, in all subsequent proceedings in the cause. The stenographer is dependent upon the judge for his appointment and tenure of office. He is a sworn officer of the law, charged with keeping full and accurate stenographic notes of the evidence in all trials in the court for which he is appointed, and with making true and correct transcripts thereof. (3 Starr & Curtis, secs. 1, 2, p. 324.) The notes thus taken, and the transcript thereof, are necessarily not conclusive upon the trial court, but being a part of the proceedings in the trial of the cause, taken and made *pari passu* by a sworn officer charged with the special duty, they are presumed to be correct until questioned and the contrary made to appear. Undoubtedly, the trial judge may disregard them if found by him to be inaccurate, but they are ordinarily accepted and acted upon, in practice, as the most reliable means of information attainable. If the stenographer, however, be not an official, the same result would follow,—the accuracy and fullness of the notes taken in the regular and orderly course of the trial would, when approved by the court, constitute *data* to which the court might refer.

It is apparent, independently of the fact that the transcript of the evidence, when properly certified by the trial judge, becomes part of the record, that the rule permitting the same judge, at a subsequent term of court, to amend the record by notes or memoranda made by himself during the trial, applies with equal, if not greater, force to the transcript of the evidence thus made and preserved. Every element of accuracy and certitude in the one is inherent in the other, while there is added, in the stenographic notes, fullness and completeness of detail impossible of attainment in memoranda kept by the judge; and where the judge has, in apt time, approved the transcript made by the stenographer, as being a correct

transcription of the evidence, there can be no objection to his referring to the same as accurate *data* upon which to predicate his future order in the cause,—and especially must this be so where the accuracy of the transcript made by the stenographer was, as here, unchallenged. · Moreover, the judge in this case had certified to the stenographer's transcript of the evidence in apt time, while he yet had jurisdiction· to do so, and made it part of the record. The certificate being informal, only, in that it failed to state that the transcript thus certified as a bill of exceptions contained all the evidence introduced and offered at the trial, it remains to determine whether there was, in the memorandum thus kept, and appearing upon the record and files in the cause, at the subsequent term, sufficient to warrant the making of the amended record.

As we have seen, the stenographer was, by law, required to keep full stenographic notes of all the evidence, and to faithfully transcribe the same. Independently of the presumption arising that the stenographer's transcript contained all the evidence, we think it affirmatively appears, from the transcript incorporated into the bill of exceptions, that all the evidence offered or introduced was contained therein. The evidence of the plaintiff is first given. Questions and answers in chief, cross and re-direct examinations, are given, and there is then the statement that the plaintiff here rested. Evidence for the defendant, in like manner, is then set forth, and is followed by the statement, "Counsel for the defendant here rested their case." There was then called by the plaintiff, witnesses in rebuttal, and the examination given in detail, which is again followed by the statement, "Counsel for the plaintiff here rested his case." Then follow the instructions asked and the rulings of the court thereon, motion for new trial and reasons therefor assigned, and the exceptions entered by the defendant, etc., followed by the formal certifi-

cate of the judge under his hand and seal.   At the foot, and on the margin of the bill, appears, "O. K.—Walker, Judd & Hawley, for Pl'ff."   It is not important, however, that the plaintiff should be held to have consented to the correctness of the bill of exceptions by the "O. K." of his attorneys.   The facts appearing in regular sequence and order,—the transcript of the evidence in each case being followed by the statement that the parties, respectively, rested their cause upon the evidence transcribed,—satisfactorily shows that no other evidence was offered or introduced at the trial, and was *prima facie* sufficient to authorize the amendment of the record, so as to show that the bill of exceptions contained all the evidence introduced or offered at the trial.

It is also objected that the amendment was improperly made by a separate and independent order and certificate of the judge.   The objection is without merit.   It was unnecessary, if it would have been proper, for the judge to have interlined the amendment in the original bill of exceptions.   That would have necessitated re-transcribing the entire bill of exceptions, thereby subjecting the parties to additional costs for no adequate reason.   By the order and certificate made October 30, 1893, the amendment is clearly and sufficiently identified by apt reference to the original bill of exceptions filed, and may very properly be treated as incorporated therein.

It follows that we are of opinion that the Appellate Court erred in affirming the judgment for the reasons stated in its final order.   Its judgment will therefore be reversed, and the cause remanded to that court, with directions to consider and determine the cause upon its merits.

*Judgment reversed.*