## THE VILLAGE OF NORTH CHILLICOTHE

*v.*

## ALLSTON BURR.

*Opinion filed February 17, 1899.*

1. AMENDMENTS—*an amendment after term must be based upon some minute or memorial paper.* A bill of exceptions, in ejectment, cannot be amended after the trial term and after the bill has been tendered and filed, by the affidavit of plaintiff's attorney that he had made and read an affidavit as to the common source of title, where there is no minute upon which such amendment can be based.

2. EJECTMENT—*when judgment for plaintiff cannot be sustained.* A judgment for plaintiff in ejectment cannot be sustained on appeal, when the plaintiff fails to show title from the government or from a source shown by affidavit to be common with the adverse title.

APPEAL from the Circuit Court of Peoria county; the Hon. N. E. WORTHINGTON, Judge, presiding.

COVEY & COVEY, and WINSLOW EVANS, for appellant.

H. C. PETTETT, and STEVENS, HORTON & ABBOTT, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is an action of ejectment, brought by Allston Burr, appellee, against the village of North Chillicothe, appellant, to recover the possession of certain streets, claimed to have been opened up and worked by the village authorities. The village filed the plea of the general issue and two special pleas. The plaintiff joined in the issues tendered by the first and second pleas and demurred to the third plea. The demurrer to the third plea was sustained, whereupon the village elected to abide by its said third plea. A jury was waived by agreement of the parties, and the case was tried before the court without a jury.

The court rendered judgment, finding that the plaintiff was the owner in fee simple of the premises described

in the declaration, and that the defendant was guilty of wrongfully taking and withholding from the plaintiff the possession of said premises. The village filed its motion to set aside the findings of the court and for a new trial, which motion was denied; and the denial thereof was excepted to. By its judgment the court adjudged that the plaintiff Burr, as owner in fee simple, have and recover of the village the premises described in the declaration, and that the plaintiff have a writ of possession therefor. The present appeal is prosecuted from such judgment. The judgment was rendered at the January term, 1898, of the circuit court; and sixty days from the date of the judgment were given to the village to tender and file its bill of exceptions. The bill of exceptions was filed on February 22, 1898.

The plaintiff, to sustain his action, introduced in evidence a quit-claim deed from Samuel T. Howe and wife to E. B. Purcell dated January 10, 1896, acknowledged and recorded on February 7, 1896; also, a quit-claim deed from E. B. Purcell and wife to Howell Jones, dated January 20, 1896, recorded June 27, 1896; also, a quit-claim deed from Howell Jones to himself, dated January 20, 1896, recorded June 27, 1896. The three deeds above described constituted the entire proof, introduced by the appellee to show title in himself. The record, as originally filed in this court, contained no oath or affidavit showing that complainant and defendant claimed from a common source of title. Section 25 of the Ejectment act provides that: "If the plaintiff, or his agent or attorney will state on oath, upon the trial, that he claims title through a common source with the defendant, it shall be sufficient for him to show title from such common source, unless the defendant, or his agent or attorney, will deny, on oath, that he claims title through such source, or will swear that he claims title through some other source." (1 Starr & Curt. Ann. Stat. p. 987).

Appellee claims that, at the April term, 1898, of this court, he obtained leave of this court to file, and did file,. herein, as an amendment to the record, an affidavit showing one Samuel T. Howe was the common source of title.

It appears that, after the original record was filed in this court and the case had been docketed here, the appellee made a motion in the circuit court to amend the bill of exceptions. At the time when this motion to amend was made, the term, at which the bill of exceptions had been tendered and signed, had passed, and the sixty days allowed for filing the bill of exceptions had expired. The court below allowed the amendment upon an affidavit of one of the attorneys of appellee, that he had read an affidavit as to the common source of title upon the trial of the case. Nothing, however, was shown to the court upon the motion to amend, from which it appeared that there was anything in the record to amend by. There was no mark upon the alleged affidavit as to the common source of title to show, that it had been offered in evidence; and there were no notes or minutes of either the judge or the official reporter, showing that such affidavit had been offered. Under this state of facts the alleged amendment to the bill of exceptions was improperly allowed by the trial court, and the amended record filed herein is insufficient to justify us in basing any action upon it.

"An amendment of a bill of exceptions, incorporating evidence alleged to have been omitted from the original bill of exceptions, should not be allowed at a term subsequent to that at which the trial was had, unless there is something in the record to amend by." (*Wallahan* v. *People*, 40 Ill. 103). An amendment of a bill of exceptions, which is based upon an affidavit filed by counsel, and not upon the notes of the official stenographer, nor upon any minutes kept by the trial judge, should not be allowed. (*Chicago, Burlington and Quincy Railroad Co.* v. *Levy*, 57 Ill. App. 365). The memorial paper or minute, by which the

record may be amended, must be made, and preserved as a part of the record, pursuant to law. An amended record cannot be received here, which shows affirmatively that an amendment to a bill of exceptions in the court below was made upon the testimony of witnesses as to their recollection of what evidence was given on the trial. (*Dougherty* v. *People,* 118 Ill. 160). An affidavit of one of the attorneys for the appellee, that he had made and read upon the trial an affidavit as to the common source of title, amounts to nothing more or less than the testimony of a witness as to his recollection of the evidence which was given on the trial. An amendment, based upon such testimony or affidavit, is not sufficient. (*Devine* v. *People,* 100 Ill. 290; *Chicago, Milwaukee and St. Paul Railway Co.* v. *Walsh,* 150 id. 607).

The mere fact that the affidavit as to common source appeared to have been filed on January 31, 1898, did not justify the amendment to the bill of exceptions. The question is, did the plaintiff or his agent or attorney state on oath upon the trial that he claimed title through a common source. The affidavit in the attempted amendment was not made by the plaintiff, and does not allege that the person making it was agent or attorney of plaintiff. If the affidavit made in support of the motion to amend was anything more or other than has been herein stated, then the order allowing the amendment was insufficient in not showing its contents.

As, therefore, the appellee upon the trial below did not, so far as the record filed in this court shows, deraign his title from the government, or from any source of title shown by affidavit or oath to be a common source of title, he is not entitled to recover; and the judgment of the trial court was erroneous.

Accordingly, the judgment of the circuit court of Peoria county is reversed, and the cause is remanded to that court for further proceedings in accordance with the views herein expressed.   *Reversed and remanded.*