## Central School Supply House v. William M. Hirschy.

1. PRACTICE—*Amending Bill of Exceptions at a Subsequent Term.*— An amendment of the bill of exceptions at a later term can not be made merely upon the recollection of the judge or oral proof, but must be based upon some record, memoranda, memorial paper or minute. The notes of an official stenographic reporter constitute data upon which the court may act in making an amendment, if the amendment relates to matter which it was the duty of the reporter to take down.

2. SAME—*Errors of the Trial Court Not Assigned for Error Are Waived.*—Where defendant does not assign errors in his motion for a new trial, they are waived.

3. CHATTEL MORTGAGES — *Where Note Secured Has Not Been Assigned.*—Where a note secured by a chattel mortgage has not been assigned, it is not essential to the validity of the chattel mortgage securing it that the note should state upon its face that it was secured by a chattel mortgage.

Central School Supply House v. Hirschy.

Replevin.—Error to the Circuit Court of Bureau County; the Hon. CHARLES BLANCHARD, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed January 27, 1903.

J. L. MURPHY, attorney for plaintiff in error.

ALFRED R. GREENWOOD, attorney for defendant in error.

MR. JUSTICE DIBELL delivered the opinion of the court.

The Central School Supply House on June 8, 1898, recovered a judgment against Ike Heller for $234.70 and costs, in the County Court of Bureau County. On July 29, 1898, execution was issued on said judgment, and placed in the hands of Atherton Clark, sheriff of said county. On October 6, 1898, the sheriff levied said writ upon a printing press and other personal property pertaining to a printing office at Spring Valley, as the property of Heller. The next day, William M. Hirschy, claiming to be the owner of said property, sued out a writ of replevin therefor from the Circuit Court. Issues were joined in said cause, the actual defense being that the goods were the property of Heller and not of Hirschy. There was a jury trial and a verdict and a judgment for Hirschy. Clark sued out a writ of error from this court to reverse said judgment, and afterward died. No administration having been had upon his estate, the Central School Supply House asked leave to be substituted as plaintiff in error, and as it was the beneficial plaintiff, and as the record showed it had also appeared in the cause in the court below, it was so substituted here.

In this court Hirschy suggested a diminution of the record, and by leave of court filed an additional record, from which it appeared that at a later term than the judgment the court below, on notice and hearing, amended the bill of exceptions so as to show that a certificate of recording on a certain chattel mortgage was introduced in evidence as well as the mortgage itself. Thereupon Clark, by leave of court, filed another additional record, containing a bill of exceptions taken by him in the court below, showing the proof heard on the motion to amend the bill of exceptions. Clark then moved to strike from the files the additional

record filed by Hirschy, on the ground the showing made did not warrant the amendment. This motion was taken with the case. Such an amendment at a later term can not be made merely upon the recollection of the judge, or oral proof, but must be based upon some record, memoranda, memorial paper or minute. (Village of North Chillicothe v. Burr, 178 Ill. 218.) But the notes of an official stenographic reporter constitute data upon which the court may act in making an amendment. (C., M. & St. P. Ry. Co. v. Walsh, 150 Ill. 607; Sullivan v. Eddy, 154 Ill. 199.) It would seem this is not the rule, if the amendment relates to matter which it was not the duty of the reporter to take down. (Hubbard v. The People, 197 Ill. 15.) The original bill of exceptions in the record before us shows that a witness for plaintiff being upon the stand, counsel for plaintiff asked this question: "Will you look at this paper, marked Exhibit B, and state what it is?" After the witness' answer, counsel for plaintiff said: "I will offer that in evidence marked Exhibit B." What counsel offered in evidence he did not designate as a chattel mortgage, either with or without certificates of acknowledgment and recording, but as a paper marked Exhibit B. The original bill of exceptions at this point, after stating an objection by defendant, (which was not that the instrument had not been recorded or that the certificate of recording had not been offered), and the ruling of the court thereon, then said, "Which said exhibit B is in the words and figures as follows, to-wit:" and set out the chattel mortgage and the certificate of acknowledgment and entry only. At the hearing of the motion to amend, the mortgage was present, and it was shown that it in fact had a certificate of recording upon it, and that when the instrument was offered in evidence the official reporter wrote the notation, "Ex. B," immediately under the certificate of recording. This was in the line of his official duty. It is clear from the original bill of exceptions that the whole paper marked "Exhibit B" was offered in evidence, and that the certificate of recording was a part of that paper. In Village of North

Central School Supply House v. Hirschy.

Chillicothe v. Burr, *supra*, the court comments upon the fact that in that case there was no mark upon the instrument alleged to have been offered in evidence, but which had been omitted from the original bill of exceptions, to show it had been offered in evidence. Here a mark made by the official reporter in the course of his duty identified this as the paper referred to in the original bill of exceptions, and that mark was directly under the omitted part. The court properly permitted the part omitted to be inserted by amendment. The motion is denied..

The proof shows that this property was formerly owned by F. S. Johnson. He borrowed $1,000 from one Brewster and gave a note for the debt, and chattel mortgage on this property to secure it. That mortgage was foreclosed in December, 1895, and McCleary Weeks bid in the property, and at once sold it to Heller, and took from him a note for $1,050, the purchase price, due in two years from date, with interest, and a chattel mortgage on the property securing the note. In December, 1897, this mortgage also was foreclosed, and the property again bought in by Weeks, who again sold it to Heller, and took back another note for $1,050, due in two years, with interest, and another mortgage upon the property to secure it. This mortgage contained the usual clause permitting the mortgagor to remain in possession till default, and it was duly acknowleged, entered upon the docket of a justice and recorded. This was but a method of accomplishing an extension of the original mortgage. No money was paid at this foreclosure. But the course pursued is not shown to have been irregular. Besides it did not concern the Central School Supply House, which had not then any judgment or lien against Heller. When it did obtain its execution lien this mortgage was upon the property, securing a valid debt which had not been paid. The foreclosure of the first mortgage, buying in the property, re-selling it at the same price, and securing the payment of the same purchase price by another mortgage, had not extinguished all indebtedness. It being unquestioned that there was an original valid indebtedness

to secure which the first mortgage was given, it can not be said that that indebtedness has been extinguished except as another equally valid indebtedness has arisen. There was still a valid debt of $1,050 owing by Heller and secured by mortgage on this property. After the execution against Heller was issued, Weeks caused this mortgage to be again foreclosed in August, 1898, and bought in the property, and then sold it to Hirschy for a consideration stated in the bill of sale at $1,050, but which was in fact $600. Hirschy paid $100, gave his note and chattel mortgage on the property for $500, and Hirschy then became the publisher of the newspaper which had been published on this press, and retained Heller as its editor.

Defendant has assigned for error that the court excluded proper and necessary evidence offered by defendant. But defendant's motion for a new trial assigned the grounds on which the new trial was sought, and the refusal or exclusion of evidence offered by defendant was not among them. Defendant thereby waived any error in the refusal or exclusion of evidence, and is presumed to have been satisfied with the rulings of the court below on that subject. (Matthews v. Granger, 196 Ill. 164.) Defendant has therefore had the benefit of all the evidence which defendant thought would tend to show any fraud or lack of consideration in these transactions. The jury has decided against defendant, and the proof required that verdict. Defendant criticises the manner in which the mortgage was foreclosed in August, 1898, and if the manner of its foreclosure had any tendency to show it was not for a real consideration, defendant has had the benefit thereof; but nothing occurred at that foreclosure to defeat the sale, if it was to pay a valid debt. The parties evidently thought the sheriff might seize the goods if he got into the building before the sale took place, and would not seize them if he could be kept out till the sale was over; but they were disappointed, for at a later date he seized the goods notwithstanding the sale.

The proof showed that Brewster was the real creditor at each foreclosure; that S. M. Dalzell was his agent at Spring

Valley, and hired the attorney who conducted the foreclosures, and that Weeks bought in the property and resold it and took the new note and mortgage, all at the request of Dalzell and really for Brewster. Weeks had no money invested, but Brewster was the actual creditor. Defendant asked the court to instruct the jury that if the mortgage was given to secure a debt not owing directly from Heller to Weeks, but from Heller to some one else, then the mortgage was void. These instructions were properly refused. The securities could be taken in the name of an agent. No one was misled or defrauded. Defendant argues there was error in allowing certain oral proof by plaintiff of the contents of the note secured by the mortgage foreclosed in August, 1898. Without detailing the circumstances (for which plaintiff was not responsible) which prevented his producing the note, it is sufficient to say, first, that the only thing sought to be shown was that it contained a provision stating it was secured by a chattel mortgage, and when the court finally admitted proof of that clause of the note, defendant did not except to that ruling; and second, as the note had not been assigned, it was not essential to the validity of the chattel mortgage securing it, that the note should state upon its face that it was secured by a chattel mortgage. (Hogan v. Akin, 181 Ill. 448; Sellers v. Thomas, 185 Ill. 384.) The proof that the note contained that recitation was therefore immaterial and unnecessary, and defendant was not harmed.

Even if some of the rulings were not entirely accurate, yet defendant was not harmed by them. Defendant never had any lien upon this property except subject to a valid chattel mortgage given to secure a *bona fide* debt, which debt was about the full value of the property. Defendant sought to find some flaw in the manner in which the debt and mortgage had been handled, which would give the execution precedence, but did not succeed.

The judgment is affirmed.