**Stanislaw Ziolkowski, Appellee, v. Ira M. Cobe, Receiver, Appellant.**

**Gen. No. 14,067.**

1. Appeals and errors—*when judge without power to sign bill of exceptions.* A bill of exceptions presented for signing and sealing after the judgment term and after the time fixed for presentation cannot properly be signed and sealed.

2. AMENDMENTS AND JEOFAILS—*what essential to amendment after term*. In order to amend after the judgment term an order providing for a bill of exceptions fixing a longer period therefor than that provided in the order as written up, there must be some matter of record or *quasi* record to support the amendment; stenographic notes, etc., do not satisfy the rule.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Affirmed. Opinion filed October 20, 1908.

Statement by the Court. This is an appeal by the defendant from a judgment for personal injuries re- covered in the Superior Court. Appellee moved to strike the bill of exceptions from the record, and his motion was reserved to the hearing. The judgment was entered June 29, 1907. The following is the con- cluding portion of the judgment order as then en- tered:

"Whereupon the defendant having entered his excep- tions herein prays an appeal from the judgment of this court to the Appellate Court in and for the First Dis- trict of Illinois, which is allowed upon filing his appeal bond herein in the sum of $5,000.00, to be approved by the clerk of the court within thirty days from this date, and leave given said defendant to file his bill of exceptions herein within *thirty* days from this date."

The bill of exceptions was filed in the Superior Court August 6, 1907. The concluding portion thereof is as follows:

"The defendant tenders this, his bill of exceptions, and prays that the same may be signed and sealed by the judge of this court; which is done accordingly this 1st day of August, A. D. 1907;" and then follow the signature and seal of the trial judge.

January 9, 1908, defendant, on notice to plaintiff, presented his motion in writing in the Superior Court before the judge who had presided at the trial: "to correct the record in said cause as to an order entered

June 29, 1907, by which defendant was allowed sixty days in which to present his bill of exceptions, which order was erroneously entered so as to show the allowance of thirty days for that purpose, and that such order be entered *nunc pro tunc* as of June 29, 1907.'' The order entered January 9, on said motion, states that said trial judge, after an examination of said bill of exceptions and the ''notes and transcript of the proceedings in said cause on June 29, 1907, in the matter of the defendant's motion for a new trial, made by W. A. Lindsay, a court reporter, who reported the said proceedings, and of the files, papers and exhibits filed therein and introduced in evidence in said cause and made a part of the record therein, and the examination of other proper memoranda in said cause, and the court being fully advised in the premises, the said judge hereby certifies, from his examination of the foregoing, the said bill of exceptions, transcript of said proceedings, said files and papers, and from his own knowledge and recollection, that when on June 29, 1907, he entered judgment on the verdict in said cause, from which judgment an appeal to the Appellate Court of Illinois for the First District was prayed by the defendant and allowed by the court, that he, the said judge, fixed the time for the defendant to file his appeal bond at thirty days, and for presenting his bill of exceptions at sixty days thereafter, and then and there so ordered, and that by error of the clerk of said court the order was erroneously entered showing the time allowed the defendant for presenting his bill of exceptions at thirty days instead of sixty days, as was the actual order of the court, and therefore on motion of the defendant's counsel it is ordered that the record of this court be and hereby is corrected and amended so as to state the facts by correcting and amending the record of the order heretofore entered in reference to the time allowed the defendant to present his bill of exceptions so as to read as follows, to-wit: 'Whereupon the defendant having entered

his exceptions herein, prays an appeal from the judgment of this court to the Appellate Court in and for the First District of Illinois, which is allowed upon his filing his appeal bond herein in the sum of $5,000, to be approved by the clerk of this court, within thirty days from this date, and leave given defendant to file his bill of exceptions herein within sixty days from this date,' to which order the plaintiff by his attorney objects and excepts.

It is further ordered, adjudged and decreed that this order shall be entered and this amendment shall take effect. *nunc pro tunc* as of June 29, A. D. 1907.''

The bill of exceptions taken by the defendant of the proceedings on said motion shows that the court had before it said original bill of exceptions, the transcript of the record of the court therefore filed in this court, the affidavit of Mr. Busby and the affidavit of W. A. Lindsay, the stenographer who reported the proceedings on the motion for a new trial and who attached to his affidavit a transcript declared by him to be a true transcript of the proceedings on such motion.

Both the original bill of exceptions and said transcript attached to Lindsay's affidavit state that the court allowed sixty days for a bill of exceptions at the time the motion for a new trial was overruled.

SHOPE, ZANE, BUSBY & WEBER, for appellant.

FRANCIS J. WOOLLEY, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

The order of June 29, as entered in the record by the clerk, was that the defendant have leave ''to file his bill of exceptions herein within thirty days from this date.'' The bill of exceptions was signed August 1 and filed August 6. It concludes as follows: ''The defendant tenders this, his bill of exceptions, and prays that the same may be signed and sealed by the

judge of this court, which is done accordingly this 1st day of August, A. D. 1907.'' There is nothing on the face of the bill to indicate that it was presented to the trial judge within thirty days from June 29. There is in the record no order that the bill be filed *nunc pro tunc* as of some day within thirty days from June 29. We think that on the record as it was August 1, 1907, the trial judge had then no power or authority to sign the bill of exceptions in said cause.

It is well settled in this state that the record of an order cannot be amended after the close of the term at which it was entered, unless there is some matter of record or *quasi* record in the cause to amend by. That the stenographic notes of Lindsay attached to his affidavit are not such a memorial paper as can be used as a basis of an order to amend a record, was expressly decided in Hubbard v. The People, 197 Ill. 15. If we are correct in holding that the trial judge had no power to sign a bill of exceptions on August 1, then the document signed by him on that day is not a bill of exceptions, but only a private memorandum. It was not a part of the record on January 9. It was not then properly a part of the files, because the time allowed for filing a bill of exceptions had expired before it was filed.

In C., M. & St. P. Ry. Co. v. Walsh, 150 Ill. 607, the bill of exceptions had been signed and filed within the time limited by the order, and was therefore a part of the record which the court might properly examine on a motion to amend the bill of exceptions.

We think that the court was without power at the January term to enter an order amending the record of the June term, *nunc pro tunc* as of that term, for want of a sufficient official or *quasi* official note or memorandum or memorial paper, preserved as a part of the records of the court, pursuant to law, on which to base the said amendment.

The bill of exceptions will therefore be stricken from the record, and as the only errors assigned are that

the court erred in overruling defendant's motion for a new trial and in entering judgment, it follows that the judgment of the Superior Court must be affirmed. *Bill of exceptions stricken from the record and judgment affirmed.*

Mr. Justice CHYTRAUS took no part in the decision in this case.