96 APPELLATE COURTS OF ILLINOIS.

Carleton-Ferguson Dry Goods Co. v. Langenfeld, 194 Ill. App. 96.

## Carleton-Ferguson Dry Goods Company, Appellee, v. John Langenfeld, Appellant.

1. APPEAL AND ERROR, § 824*—*when exceptions preserve themselves.* Exceptions do not preserve themselves when no objection is made to the rulings of the trial court.

2. APPEAL AND ERROR, § 590*—*when exceptions must be taken.* Under section 83 of the Practice Act (J. & A. ¶ 8620) an exception must be taken at the time a ruling is made.

3. APPEAL AND ERROR, § 936*—*when record amended to show exceptions.* A motion to amend the record on appeal so as to show the taking of timely exceptions will be denied where it does not appear from the judgment or the clerk's copy of the proceedings that any objection was made to the rulings in question.

4. APPEAL AND ERROR, § 788*—*when bill of exception essential to review.* The questions of the dismissal of an action as to the appellant's codefendants and the amendment of the declaration are not reviewable where no exceptions were preserved by bill of exceptions.

Appeal from the Circuit Court of Marion county; the Hon. ALBERT M. ROSE, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed May 1, 1915.

L. B. SKIPPER and G. F. MERION, for appellant.

BUNDY & WHAM, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Carleton-Ferguson Dry Goods Co. v. Langenfeld, 194 Ill. App. 96.

MR. JUSTICE HARRIS delivered· the opinion ·of the court.

A suit in assumpsit was brought in the Circuit Court against appellant, A. J. McClelland and S. W. Ashbrook to recover the sum of $260.88. Personal service was had on all defendants. The declaration consisted of four counts. Defendant S. W. Ashbrook was defaulted. The defendant A. J. McClelland and appellant each filed special pleas and pleas of general issue. Replications filed and issue joined thereon.

At the January term, 1914, in open court, a stipulation was entered into, as follows: S. W. Ashbrook, claiming to be the buyer for A. J. McClelland, called upon appellee at its place of business in St. Louis and· purchased the bill of goods in question amounting to the sum of $260.88, and the goods were shipped and charged to A. J. McClelland by appellee. An invoice was mailed to McClelland which McClelland never saw· but which Ashbrook got possession of, addressed by appellee to said McClelland, Centralia, Illinois. Ashbrook had represented to McClelland that he was the selling agent for appellee, and obtained permission ·of McClelland to have said goods shipped in McClelland's name; that he was furnishing the Langenfeld Hotel and might not be there at the time the goods came and did not want them lying around the freight house. When the goods came McClelland delivered the goods to Langenfeld at his hotel. Langenfeld received the goods and put them to use in his hotel and has retained them ever since, paid Ashbrook for the goods, but appellee company has never received any pay for the goods from Ashbrook, McClelland, or Langenfeld. Ashbrook was not the agent of appellee nor their salesman, and had nothing to do with its business. He, Ashbrook, was not authorized to buy the goods for McClelland; that Langenfeld received no bill of the goods purchased from appellee, and knew no other person in the transaction except codefendant Ashbrook, ·

who told Langenfeld they were his goods. Langenfeld did not learn otherwise until January, 1913. The goods when delivered to Langenfeld were addressed to A. J. McClelland, Centralia, Illinois, but Ashbrook removed the crating from the goods and Langenfeld did not know in whose name they had been shipped. McClelland was at the time and had been a dealer in second-hand furniture and Ashbrook told the credit man of appellee that McClelland was such a dealer. By the stipulation a jury was waived and the cause submitted to the court on the 5th day of March, 1914. Prior to the time of the findings and entry of judgment, appellee made a motion to dismiss suit as to defendants Ashbrook and McClelland and to amend declaration, which was granted. Amendment made, followed by judgment against Langenfeld.

Assignments of error argued by appellant are:

First. Appellant is not liable in assumpsit for purchase-price of goods because he paid Ashbrook.

Second. Because it was error to permit appellee to dismiss after default had been entered as to defendant Ashbrook.

Third. Because the suit was an action *ex contractu,* appellee must prove a promise as to all defendants and is not permitted to take a judgment against part of the defendants and dismiss as to the other defendants.

Fourth. That Ashbrook represented to appellee he was the agent of McClelland and that appellee dealt with him upon the representations so made.

Fifth. The refusal of the court to hold appellant's propositions of law 1, 2, 3, 4, 5, 6 and 11.

Sixth. That it was error to enter judgment under appellant's propositions of law 8, 9 and 10 held by the court.

Error was joined upon this appeal at the present term of this court November 7, 1914. Appellee filing its brief and argument asking for an affirmance upon the ground, that no exceptions are preserved by bill

of exceptions or the record to the dismissal of the suit as to defendants Ashbrook and McClelland and the amendment of the declaration; that no exception is preserved by bill of exceptions to the finding and judgment of the court. A copy of appellee's brief and argument was served upon appellant November 6, 1914. Appellant on the 13th day of November, 1914, files in this court his motion suggesting to this court that there are omissions and defects in that portion of the transcript of the record covering the bill of exceptions and admits that the bill of exceptions does not show exceptions were preserved to the ruling of the court in dismissing the suit as to codefendants Ashbrook and McClelland; that it does not show exceptions were preserved to the findings of the court against appellant Langenfeld, not to the rendition of final judgment; that all such exceptions were in fact taken in apt time and which under the statute are allowed as a matter of right.

Appellant further represents by said motion that in order to correct the transcript it will be necessary to set aside the order of submission and withdraw joinder in error on part of appellant, continue cause in this court so that cause may be redocketed in Circuit Court and proper orders secured in term time amending said record and transcript, praying that a writ of certiorari may be awarded directed to clerk of Circuit Court requiring him to send up a true transcript of the record and proceedings and for a continuance in this court.

Appellee on the 13th day of November, 1914, files in this court his objections to the allowance of appellant's motion: Because the motion came too late; because the defects in the transcript of record were pointed out by appellee to appellant before the case was taken in this court; Because the copy of the judgment and the copy of the minutes of the court purport to be full copies as set forth in the abstract.

This being the condition of this record as it is pre-

sented to this court, the first question to be passed upon is the allowance of the motion of appellant against the objection of appellee.

Appellant admits the exceptions referred to are not preserved by bill of exceptions and that the exceptions to the amendment of declaration and dismissal as to codefendants Ashbrook and McClelland are not shown by the record.

Appellant further admits that it is necessary to have these exceptions appear in the transcript of record to have the errors assigned considered. Appellant further admits that in order to have the exceptions properly appear in the transcript of the record, it will be necessary for the cause to be redocketed in the Circuit Court and the bill of exceptions amended in that particular, and no memoranda, minutes or notes are made a part of the motion which is under oath showing anything to amend from. The judgment was entered March 5, 1914. The time given for filing a bill of exceptions was ninety days. The term has long since adjourned. The bill of exceptions was signed and filed May 30, 1914.

The appellant insists exceptions were taken in apt time and are under the statute allowed as a matter of right. If appellant means by this statement that without the party objecting to the ruling of the court, that exceptions preserve themselves under the law, his contention cannot be sustained. Under the Practice Act, where the record shows objections were made, exceptions follow the ruling on objections, but this does not mean that a party who does not say anything has the right to have an exception inserted as a matter of right under the statute. Under Section 83 of the Practice Act (J. & A. ¶ 8620): ''Exceptions taken to decisions of the court shall be allowed and the party excepting may assign for error any decision so excepted to.'' This means an exception at the time the decision was made. If so made and does not appear in its proper

place in the transcript of record, and the party seeks to have it so appear after the adjournment of the term at which the exception was taken, and the time for filing bill of exceptions has expired, must be made from some memorial paper, minute or reporter's notes, and preserved as a part of the record pursuant to law. An amended record cannot be received here, which shows affirmatively that an amendment to a bill of exceptions in the court below was made upon the testimony of witnesses as to their recollection of what was said or done. The affidavit of an attorney as to what was read or said amounts to nothing more nor less than the testimony of a witness as to his recollection, and is insufficient. *Village of North Chillicothe v. Burr*, 178 Ill. 218: "An amendment of a bill of exceptions, which is based upon an affidavit filed by counsel, and not upon the notes of the official stenographer nor upon any minutes kept by the trial judge, should not be allowed. *Chicago, B. & Q. R. Co. v. Levy*, 57 Ill. App. 365." "An amendment of a bill of exceptions, incorporating evidence alleged to have been omitted from the original bill of exceptions, should not be allowed at a term subsequent to that at which the trial was had, unless there is something in the record to amend by." *Wallahan v. People*, 40 Ill. 103.

From this motion sworn to by counsel for appellant with the time that had intervened between the entry of judgment, filing of original bill of exceptions, and joinder of error in this court, it affirmatively appears that counsel is relying upon his recollection as to objections or exceptions entered by him at the time. If not, he would have made the necessary showing to have justified the Circuit Court in permitting him to amend, as we may presume the Circuit Court would only permit him to amend if within the law. It would accomplish no good purpose to sustain the motion to amend and continue if the showing is insufficient to amend upon or for this court to receive an amended

bill of exceptions. There is no showing that the clerk failed to make a complete certificate of everything he has pertaining to the transcript of the record. The motion suggesting diminution of the transcript of record, for writ of certiorari, and to continue will be denied.

It is now the settled rule of practice in this State that an Appellate tribunal cannot inquire into the sufficiency of the evidence to support the judgment unless there is an exception to the finding and judgment when tried by the judge without a jury or on a motion for new trial and exception to the overruling of the same where trial is had by jury. This must be preserved by bill of exceptions. *Firemen's Ins. Co. v. Peck*, 126 Ill. 493.

The rule of practice is well understood by the profession and admitted by appellant in this case under the motion heretofore denied, there were no exceptions preserved in the transcript of record as to dismissal of suit as to codefendants Ashbrook and McClelland, to amend declaration and no exceptions preserved by bill of exceptions to the findings and judgment of the court. The rulings of the court and the court's holding on the propositions of law submitted are so interwoven with the evidence that we cannot inquire into the sufficiency of the evidence to support the findings and judgment of the court or whether or not the propositions of law refused or given were applicable to the court's findings upon the evidence.

This disposes of all the contentions of appellant that have been argued.

The judgment of the Circuit Court will therefore be affirmed.

*Affirmed.*