Fanny I. Weïnstein, Executrix of the Estate of P. D. Weinstein, Deceased, Appellant, v. Wilma B. Morris, Appellee.

Gen. No. 37,587.

Opinion filed June 26, 1935. Rehearing denied July 10, 1935.

PHILIP A. WEINSTEIN, of Chicago, for appellant.

BLECH & HERSON and VICTER OHRENSTEIN, all of Chicago, for appellee.

MR. PRESIDING JUSTICE HEBEL delivered the opinion of the court.

Judgment for the defendant was entered by the court upon a hearing without a jury, and from this judgment the plaintiff appeals.

The facts are substantially that on April 7, 1930, defendant's husband, as lessee, entered into a written lease with plaintiff's testate, as lessor, for an apartment for the term commencing May 1, 1930, and ending April 30, 1933, at a monthly rental of $120. The defendant and her husband entered into and took possession on May 1, 1930, and paid the rental for the

apartment to and including November, 1931. From December, 1931, to and including March, 1932, $75 was paid on account, during each of said months, leaving unpaid $45 for each of said months. The rent, which subsequently accrued, was not paid for the months of April, May and June, 1932, and on June 15, 1932, the defendant, her husband and family, vacated the premises. The action of the plaintiff for use and occupancy of the apartment by the defendant, her husband and members of her family, was brought on the theory that such indebtedness was a family expense, the liability of which is provided for by ch. 68, ¶ 15, Cahill's Ill. Rev. St. 1933, which is as follows:

"The expenses of the family . . . shall be chargeable upon the property of both husband and wife, or of either of them, in favor of creditors therefor, and in relation thereto they may be sued jointly or separately."

The defendant filed an affidavit of merits in this action denying liability under the act in question, but did not deny that the apartment was occupied by the defendant. This court reserved to the hearing defendant's motion to strike the amended and supplemental record filed by the plaintiff on November 22, 1934, and to affirm the judgment of the municipal court of Chicago for the defendant.

The plaintiff has called this court's attention to sec. 113, Rule 36 c of the Supreme Court, which provides:

"The report of the proceedings at the trial consisting of the testimony and the rulings of the trial judge and all matters upon which such rulings were made, and other proceedings which the appellant desires to incorporate in the record on appeal, shall be procured by the appellant and submitted to the trial judge or his successor in office for his certificate of correctness, or where this is impossible because of the absence from the district, sickness or other disability of such judge,

then to any other judge of said court, and filed in the trial court within sixty days after the appeal has been perfected.''

This provision changes the practice in regard to the presentation of the report of the proceedings to the trial judge for a certificate of correctness. When for any reason the trial judge is absent a judge of the same court may sign the report of the trial proceedings. The litigant desiring a report of the trial proceedings may present this record to a judge of the same court for a notation that the same was presented on the date set forth. The presentation of the record is not limited or controlled by sec. 81 of the Practice Act of 1907, but the procedure provided for is as stated above.

There is but one question, Did the trial judge have jurisdiction to correct his certificate, which was signed and filed?

The contention of the plaintiff is that the official and quasi-official records of the municipal court of Chicago, consisting of the time sheets, time books and judge's assignment book of said court, were considered when the amended order was entered by the court. The Supreme Court has held in the case of *Chicago, Milwaukee & St. Paul Ry. Co. v. Walsh*, 150 Ill. 607, that upon the filing of a bill of exceptions it becomes a part of the record in the cause, and if for any reason it fails to show correctly what actually happened at the trial, even after term time, amendment may be made by bringing the parties in interest again into court, by notice, and then amendment can be made only from a memorandum or note of the judge, or from the record filed in the court. In the instant case the record was filed.

The trial judge was absent during the time the record of the proceedings was made and presented to

another judge of the same court, and within the time provided for the presentation of such record.

By par. 220, sec. 92, ch. 110 of the Civil Practice Act, this court may, under subsec. (c), order or permit the record to be amended by correcting errors, or by adding matters which should have been included. It appears from the record as we have it before us, that the amended record was corrected by adding matters which should have been included, and by showing that the trial judge was absent at the time the statement of the proceedings was presented to a judge of the same court.

The defendant upon the trial of this cause having offered no evidence, the action must depend upon the evidence presented to the trial court by the plaintiff.

The question of occupancy of the apartment by the defendant is not seriously disputed. There is a question, however, as to the competency of the witness Eleanor Weinstein Newman, upon the ground that she was the daughter of P. D. Weinstein, deceased, and was disqualified by Cahill's St. ch. 51, ¶ 2 (section 2, ch. 51, Smith-Hurd's Ill. Rev. Stat. 1931).

It is clear from the record that no objections were offered by the defendant upon this question, but she contends that the pending suit was a fourth class suit filed in the municipal court of Chicago, and that it was unnecessary for the defendant to object to the admissibility of evidence, but she offers no authority to support this theory. It would be a novel way to try a case such as we have here on appeal if one of the parties could stand by and make no objections, and then on appeal raise the question of admissibility of the evidence for the first time. Such is not the rule, and the trial court should have heard the attorney for the plaintiff on the question as to whether the plaintiff was entitled to a judgment.

There is evidence not alone as to the occupancy of the apartment by the defendant, but also as to the

rental value of the premises for the time the apartment was occupied by the defendant. The trial court should have entered judgment for the plaintiff and against the defendant in the sum of $480, and accordingly judgment for the defendant will be reversed in this court and judgment entered here for the plaintiff and against the defendant in the sum of $480, costs to be taxed against the defendant by the clerk of this court.

*Judgment for the defendant reversed and judgment here for the plaintiff.*

WILSON and HALL, JJ., concur.