Miller vs. Janney's ex'r.

The sixth instruction, in dispute, is the same in substance as the second instruction refused, and is liable to the same objections.

---

MILLER, APPELLANT, vs. JANNEY'S EX'R, RESPONDENT.

1. To change the class, to which a demand against an estate has been assigned, is to change the force of the judgment, as to all creditors in the prior class, and it should not be done, but upon such facts, only, as would authorize the court to set aside or modify its judgment in other particulars.

2. The fact, that the claimant had evidence of the prior presentation of the demand to the executor, which he neglected to offer to the probate court, at the time the demand was allowed and classed, does not authorize the court to change the class afterwards.

3. The report of claims, by the executor, is not the evidence upon which the claimant is to rely, as it is not made for the purpose of classing demands.

## APPEAL from St. Louis Circuit Court.

### STATEMENT OF THE CASE.

The letters testamentary, bore date 27th November 1848. On 10th December, 1849, both parties appeared in court of probate, the executor then waived notice under the statute, and the plaintiff proved his claim, but offered no evidence, whatever, touching any prior exhibition of his claim. The probate court placed it in the sixth class, as a claim exhibited after the lapse of the first year of administration.

On the 22d December 1849, the plaintiff filed his motion in the probate court to set aside the said classification, and to re-classify the debt in the fifth class. He filed with it, also, two affidavits; his own and the affidavit of the executor, stating, that on the 23d day of November 1849, the claim aforesaid, was exhibited by the plaintiff to the executor, in writing, with a copy of the note, and a notice that it would be presented for proof at the then next term of the probate court; that the executor then said, I shall be at court, and will waive notice, thereupon the plaintiff kept the copy and notice.

The affidavit of Miller also states a verbal conversation, had with the judge of probate, on the 11th December, the next day after the trial, in which the court declined any further action, as the affiant understood; whereupon, not being acquainted with the laws of Missouri, he destroyed said copy of notice exhibted to executor, as before stated.

The Probate court refused to set aside its judgment and classification, overruling this motion with affidavits, and the plaintiff appealed to the circuit court.

The cause was submitted to the circuit court, which tried the case upon the transcript from the probate court, without any evidence, except, that said date of the letters of administration. was agreed and admitted to the 27th November, 1848.

The court, upon argument, gave judgment, that the "probate court erred in the classification of the said claim, and also in overruling the motion made for said Miller, to set aside the classification of said claim in the sixth class, and to place the same in the fifth class. And the court doth, therefore, set aside and revise the said order of the probate court, placing said claim, as allowed, in the sixth class, and hereby remands the case to the said probate court, and directs this claim to be classified and placed in the fifth class."

The court refused, at defendant's request, to affirm the judgment of the probate court, which motion appears of record.

A motion for a new trial was seasonably made and overruled, whereto the appellant excepted at the time, as also to the judgment of the court, as aforesaid.

This cause came before this court by appeal.

## Kasson, for appellant.

1. The probate court is a court of record; its judgment is conclusive, if rendered according to law, and its proceedings can only be known from its records, not from affidavits nor parol testimony.

2. The plaintiff had, in that court, a choice of proceedings (granting to his affidavits the force of evidence;) either, first, to rely on the exhibition of his claim on the 23d November, 1849, to the administrator; or, second, to abandon that preliminary proceeding, and prove his claim in court under the waiver of notice according to the statute.

He chose the last proceeding, no evidence was offered to the probate court, respecting the alleged exhibition of the claim, on the 23d November. The only exhibition, and the only notice, known to that court, was the waiver of notice, and the proof of the claim in open court, on the 10th December, 1849, and after the expiration of the year. That court would

Miller vs. Janney's ex'r.

have singularly violated the law, had it, under these circumstances, placed it in the fifth class. In this, the probate court committed no error.

3. On the 22d December, 1849, after the plaintiff had destroyed all the original papers in evidence of the alleged exhibition, and after judgment was rendered in his favor for the sixth class, he moved to rescind that judgment, re-open the case, offer proof of another kind of preliminary proceedings—evidence which was in his knowledge and possession at the time of presenting his other proof, and thus nullify proceedings which, as they stood were entirely correct.

The court refused this premium to neglect. It would be trifling with its own judgment. There was no mistake of fact, no newly discovered evidence, no ground for a new trial. It was a simple mistake of law on the part of the plaintiff; this he ought to abide by. *Ignorantia legis neminem excusat.*

All other creditors would be affected by annulling these proceedings and commencing anew. The case is, at best, like the service of two distinct writs of summons, on either of which, a plaintiff may rely. He selects, and obtains judgment accordingly; and afterwards finds that it would have been more advantageous in law to have chosen the other service. This is no ground for setting aside his judgment on his own notion.

4. The circuit court erred in reversing the probate court and ordering the claim to be placed in the fifth class.

It was tried in the circuit court simply on the transcript from the probate court, with only the additional agreed fact, that the letters were dated the 27th November, 1848. The issue was the same as in the probate court on the 10th December, 1849,

If the probate court was correct, as above shown, then the circuit court is incorrect, and this court should affirm the first judgment

5. It was clearly improper in the circuit court to reverse the probate court, without any new evidence. The affidavits were not in evidence. The limit of its power, therefore, was to order a new trial in the probate court, based on the motion filed in that court on the 22d December 1849. *Non constat*, that there ever was an exhibition of the claim as alleged. The circuit court could not presume it upon affidavit. See Duncan vs. Travis, 4 Mo. Rep. 370; R. S. "Administration," Art. 8, sec. 7.

Spaiding & Shepley, for respondent.

I. The claim was duly presented to the executor within one year from the date of the letters: Rev. Code p. 91, secs. 1, 3, 4, 5 and 6; ib, page 93, sections 12, 13 and 14; ib, page 94, sections 21, 23 and 24.

II. If the claim was duly exhibited to the executor, within the year, then by law it should have been placed in the fifth class. The fact, that Miller had destroyed the notice and the copy of the note presented, cannot alter the rights of the parties. He was a non-resident, as he states in his affidavit, and not acquainted with the laws of Missouri; and when the claim was allowed, he destroyed the notice that he had handed to the executor. But the law required the executor to keep a list of the demands exhibited to him, with the time of their presentment to him, and return it to the court.

Ryland, J., delivered the opinion of the court.

The question for us to decide in this case, relates to the action of the probate court, in refusing to alter its judgment, and re-class the plaintiff's demand, so as to place it in the fifth instead of the sixth class of claims.

The probate court refused the motion of the plaintiff, for this purpose: he applied to the circuit court, which reversed the judgment of the probate court, and ordered the claim to be classed in the fifth class, by the probate court.

The executor brings the case before us, from this judgment of the circuit court.

From the facts contained in the record, we have no hesitation in saying, that the probate court could not have legally classed the demand, from the state of the facts before that court, in any other than the sixth class of claims. The probate court, having classed the demand in the 6th class, as the case stood at the time of the judgment and classification, it was the duty of the claimant, if he had any evidence upon which the court should have placed the claim in a different class, to have produced it when the demand was allowed; so that the probate court might have examined such evidence and declared its effect.

To change the class, is to change the force of the judgment, as to all creditors in the prior class, which should not be done, but upon such facts, only, as would authorize the court to set aside or modify its judgment in other particulars.

The fact, that the claimant had evidence of the prior presentation of the demand to the executor, which he neglected to offer the probate court, at the time the demand was allowed and classed, does not authorize the court to change the class afterwards.

The report of claims, by the executor, is not the evidence upon which the claimant is to rely, as it is not made for the purpose of classifying demands.

The circuit court, therefore, erred in its judgment, directing the probate court to class this demand in the fifth class. Its judgment is therefore, with the concurrence of the other judges, reversed.