AMELIA CROMIE *et al.*

*v.*

JOHN VAN NORTWICK *et al.*

| 56 | 353 |
| 90a | 1367 |
| 56 | 353 |
| 190 | 1507 |

1.   MOTION — *must be preserved by bill of exceptions.*  The action of the circuit court in overruling a motion to transfer a case to the United States circuit court, under the act of congress of 1866, unless the motion and the accompanying papers are made a part of the record by the certificate of the judge who heard the cause on the circuit, will not be reviewed on error.

2.   The bond required to be presented at the time of making such a motion does not become a part of the record simply by being filed by the clerk and copied into the transcript of the proceedings in the cause.

WRIT OF ERROR to the Circuit Court of Whiteside county; the Hon. W. W. HEATON, Judge, presiding.

The opinion sufficiently states the case.

Mr. JOHN J. McKINNON and Mr. EMERY A. STORRS, for the plaintiffs in error.

23 — 56TH ILL.

Messrs. EUSTACE, BARGE, &. DIXON and Mr. JAMES W. WALLACE, for the defendants in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This case falls within the rule stated in *Hartford Fire Insurance Co.* v. *Vanduzor*, 49 Ill. 489, and is controlled by that case.

The action of the court in overruling the motion to transfer the case to the United States circuit court, under the act of congress of 1866, is not made a part of the record by any certificate of the judge who heard the cause on the circuit. The bond required to be presented at the time of making the motion does not become a part of the record simply by being filed by the clerk and copied into the transcript of the proceedings in the cause. This court has repeatedly decided that papers filed in a cause, but not made exhibits by the bill or answer, do not become a part of the record unless made so by the proper certificate.

In this case, neither the motion nor the accompanying papers are preserved in the record in the form required by the practice in this court, and we can not, therefore, review the action of the circuit court in refusing to transfer the cause to the United States circuit court.   The decree must be affirmed.

*Decree affirmed.*