Syllabus.    Opinion of the Court.

The Wabash, St. Louis and Pacific Railway Company

*v.*

The People of the State of Illinois.

*Filed at Springfield January 23, 1883.*

1. Bill of exceptions—*when necessary—as to rulings upon motions.* A motion to remove a cause from the State court to the Federal court, and the decision of the State court thereon, do not become a part of the record, unless made so by a bill of exceptions.

2. Same—*within what time to be signed.* A bill of exceptions should be reduced to writing, and signed during the term at which the decision in respect to which the exception was taken, was rendered, except in cases where the counsel consent, or the judge, by an entry on the record, directs, that it may be prepared in vacation, and·signed *nunc pro tunc;* and in all cases it should appear on its face to have been taken and signed at the trial.

3. So where a motion was made to transfer a suit to the United States Circuit Court, and the same was overruled, it was *held,* that a bill of exceptions in respect to the ruling of the court on such motion, presented and signed at a subsequent term, came too late, and the same was stricken out of the record.

This was a motion to strike from the record a second bill of exceptions filed in the cause.

Mr. James McCartney, Attorney General, and Mr. A. Sample, for the motion.

Mr. H. S. Greene, and Mr. F. T. Hughes, *contra.*

Per Curiam: Motion is made by the Attorney General that the second bill of exceptions filed in this case be stricken from the record.

On the 17th of April, 1882,—being one of the days of the April term, 1882, of the Ford county circuit court,—appellant presented its petition to that court praying that the cause be transferred to the Circuit Court of the United States for the Southern District of Illinois. The prayer of the petition was

denied, and no bill of exceptions was then presented to the court preserving this ruling and exception thereto, nor was leave given or asked, at that term, to prepare and present to the court such a bill of exceptions at any future day. Subsequent to that ruling, and during the same term, appellant demurred to the declaration. The court sustained the demurrer, and gave judgment for costs against appellee. From that judgment an appeal was prosecuted to this court, and at our June term, 1882, we rendered judgment reversing the judgment of the circuit court, and remanding the cause to that court for further proceedings. On the 12th of December, 1882,—being one of the days of the December term of that year,—appellant presented to the court its bill of exceptions, in which the ruling on the motion to transfer the cause to the Circuit Court of the United States for the Southern District of Illinois, and exception thereto, are recited, and asked to have the same signed and made part of the record. It is therein shown that the counsel for appellee objected to the signing of such bill of exceptions and making the same a part of the record, and that thereupon "the court, being in doubt whether or no he should sign the same against the objection of the plaintiff, (appellee,) signs the same and refers the question whether the defendant (appellant) is entitled to have said bill of exceptions signed at said December term, 1882, of said court, to the Supreme Court," etc.

It has long been the settled practice of this court that a bill of exceptions should be reduced to writing, and signed during the term at which the motion excepted to is made and decided, except in cases where the counsel consent, or the judge, by an entry on the record, directs, that it may be prepared in vacation, and signed *nunc pro tunc;* and that in all cases it should appear on its face to have been taken and signed at the trial. (*Evans* v. *Fisher,* 5 Gilm. 456; *Burst* v. *Wayne,* 13 Ill. 664.) It was clearly too late, therefore, to present for the first time the bill of exceptions in relation to

the ruling on the motion at the April term, at the subsequent December term.

But it is insisted this ruling is properly a part of the record, without a bill of exceptions. We can not concur in this view. Motions, and decisions of the court thereon, in applications of this kind, are no part of the record, unless made so by bill of exceptions. *Cromie* v. *Van Nortick*, 56 Ill. 353.

The motion is sustained.

*Motion sustained.*