BOARD OF MINISTERIAL RELIEF OF CUMBER-
LAND PRESBYTERIAN CHURCH et al., Appel-
lants, v. DRUMMOND et al.

### Division One, February 19, 1902.

1. **Judgment:** ERRONEOUS ENTRY: APPELLATE PRACTICE. There being
conflict in the evidence as to whether the decree entered of
record was in conformity to the judge's oral announcement, the ap-
pellate court will not undertake to decide the matter, but will defer
to the findings of the trial court.

2. ————: MISTAKE OF CLERK: CORRECTION: ORAL EVIDENCE. Oral evi-
dence is not sufficient to sustain a decree that the judgment constru-
ing a will is not the judgment orally announced by the judge. Such
a proceeding, in whatever view considered, is to correct a clerical
error of the clerk, and the record in such case can be changed, after
adjournment, only by evidence contained in some written record,
entry, memorandum, or paper in the case.

Appeal from Scotland Circuit Court.—*Hon. Nat. M. Shelton,*
Special Judge.

AFFIRMED.

*Ben Eli Guthrie* and *J. M. Jayne* for appellants.

(1) The parties are entitled to the judgment that was
in fact rendered by the court. Their rights can not be de-
feated by the mistake of the clerk in entering the judgment or
the error of the attorney in drafting the decree. Or, in other
words, is the clerk greater than the court? (2) This is not
an assault upon the judgment the court rendered; it is an
action to reform the record, so that it may show the judgment
which in fact and in truth was rendered, and not, as it does
now show, another and different judgment which the court

never rendered. (3) Where a court of law makes a mistake in calculating the amount for which judgment should be given, equity will relieve against the mistake, even at a term subsequent to the entry of the judgment. Mistake is a cause for relief in equity. It is one of the grand divisions of equity. Wilson v. Broughton, 50 Mo. 17; Case v. Cunningham, 61 Mo. 434; Boon v. Miller, 16 Mo. 457; Partridge v. Harrow, 99 Am. Dec. 643. The last is directly in point. "Courts of equity will reform and correct judgments and other records." Pomeroy, Eq. Jur. (2 Ed.), sec. 1376, p. 2122. (4) In this case, the court by its judgment intended to do and did do a certain thing, but the record shows that it did a different thing, consequently, equity should make that record show and preserve the thing that was intended to be done and was done, as it does not do in this case. But, on the contrary, it shows and preserves something that was not in fact done and was not intended to be done. Cooper v. Duncan, 20 Mo. App. 359; Partridge v. Harrow, 27 Iowa 96; s. c., 99 Am. Dec. 643; Rust v. Ware, 6 Gratt 50; s. c., 52 Am. Dec. 100. Courts of equity will grant relief against a mistake in a verdict by which the jury omitted to give interest. 14 Am. Dec. 709. (5) Parol evidence is competent to show the mistake in the entry of the decree. Moberly v. Nave, 67 Mo. 549; Collier v. Easton, 2 Mo. 145. (6) The pleadings in the case show no basis for the judgment rendered. While the petition calls for the construction of the will as to the order of payments and the priority of certain legacies and the right of certain parties to take, it nowhere raises the question as to whether the legacy should be paid out of the personalty or out of the realty.

*Smoot, Mudd & Wagner* for respondents.

BRACE, P. J.—At the February term, 1898, of the Scotland Circuit Court, the following decree was duly entered of record in said court:

"In the Circuit Court of Scotland County, February term, 1898.

"James C. Drake, Executor of the Estate of Francis Drake, deceased, Plaintiff,

     "vs.

"Mary R. Drake, Mary B. Woods, Redman H. Woods, Francis I. Woods, Millie J. Woods, the Trustees of the Bethel Congregation, the Trustees of the Memphis Congregation of the C. P. Church, the Board of Ministerial Relief of the C. P. Church of Evansville and the Board of Education of the C. P. Church of Nashville, Defendants.

"Now at this day this cause coming on to be heard and the parties all appearing by their respective attorneys, and all and singular the matters and facts involved in this litigation are submitted to the court for consideration and judgment, and the court after having heard the evidence and the argument finds that said Francis Drake in his lifetime made his will, and that afterwards in 1893 departed this life, and that said will was duly probated in the probate court of Scotland county, Missouri, and the plaintiff is the executor of said will. The court further finds that Francis Drake intended by his said last will, a copy of which is filed with the petition in this cause, to give to his wife, defendant Mary R. Drake, the net income of all the property of which he was possessed for and during her natural life, and the court so construes said will and finds and directs said executor to pay to her according to the terms of said will the net income of all said property during her lifetime.

"The court further finds that said Francis Drake intended after the death of his wife, Mary R. Drake, to have paid from his *personal property* to Mary B. Woods, Redman H. Woods, Francis I. Woods and Millie J. Woods, each the ·sum of $200, according to the terms of said will, and the

court construes said will to mean that after the death of his wife, Mary R. Drake, this legacy to the Woods heirs should first be paid before any other legacies and out of his *personal* estate.

"The court further finds that said Francis Drake intended after the death of his wife, Mary R. Drake, that the trustees of the Memphis congregation of the Cumberland Presbyterian church should have and enjoy lots eight and nine in block one, Mety's addition to the town, now city, of Memphis, Scotland county, Missouri, to be held and used for a parsonage, and if they become disorganized then the Presbytery should have said property and control the same; and further, after the death of his said wife he willed and bequeathed to the trustees of the Memphis congregation of the C. P. Church the sum of $500 to be paid out of his *personal property* according to the terms of said will, and the court construes and finds that it was the intention of said Drake that said sum should be paid out of his *personal property,* and after the payment of the legacies to the Woods heirs before mentioned, and the court so construes and finds and directs said executor to so pay the same, said bequest to be subject to the conditions contained in said will.

"The court further finds that the deceased gave to the trustees of the Bethel congregation of the Cumberland Presbyterian church of the Kirksville Presbytery the sum of $400 with certain restrictions in said will mentioned, and the court further finds that it was the intention of said deceased that said bequest should be paid after the death of his wife, Mary R. Drake, and out of any *personal property* that he might then own or possess and that same should be paid after the bequest to the Woods heirs and after the bequest to the Memphis congregation, and the court so construes said will and so finds and so directs said executor to pay the same in the distribution of said estate.

"The court further finds that by the terms of said will

said Drake gave and bequeathed to the defendant, the Board of Education of the C. P. Church of Nashville, Tenn., $500, subject to certain restrictions in said will, and the court finds that it was the intention of said Drake that same should be paid out of his *personal* estate after the payment of the legacies hereinbefore described and after the death of his wife, Mary R. Drake, and the court so finds and so construes said will and so directs the said executor to pay the same in the final distribution of said estate.

"And the court doth further find that the said deceased, Drake, bequeathed all the remainder of his *personal* estate to the Board of Ministerial Relief of the C. P. Church, subject to certain restrictions in said will, and the court finds that said residuary clause was only intended to convey the remainder, if any, of his *personal* estate that he might own at the time of his death after the payment of all the legacies before mentioned, and the court so finds and so construes said will and so directs said executor to distribute said estate.

"The court further finds that it became necessary to construe said will for the protection of said executor and said estate, and orders and directs that the costs and expenses for construing said will be paid out of the estate of the said Francis Drake, deceased."

The words in the decree over which this controversy arises, are italicized, for the purposes of this opinion.

Afterwards, to the February term, 1899 of said court, this suit was brought by the said Board of Ministerial Relief, Board of Education, the said Trustees of the Bethel Congregation, the Trustees of the Memphis Congregation and the said James C. Drake, executor, as plaintiffs, against the said Mary B. Drummond, *nee* Woods, Redman H. Woods, Francis I. Woods and Millie J. Woods, the petition in which charges, in substance, that said cause in which said decree was entered came on for trial before one Elias Scofield, special judge, who after hearing the pleadings and evidence made the decree set

out in the petition, different from the one entered, in that the former omits the word "personal" before the words "property" and "estate" in the second, third, fourth, fifth and sixth clauses of the decree, so that in the decree set out in the petition those legacies are to be paid out of the "estate" and not out of the "personal estate" as in the decree entered. The petition then charges that said special judge announced his decision and requested that the attorneys for the plaintiff in said cause draft the decree as set out in the petition but said attorneys by mistake drafted and had spread upon the records of the court without the knowledge of said special judge, the decree as entered, and prays said decree as entered be corrected and made to conform to the decree set out in the petition. The answer of the defendants was a general denial.

On the trial, over the objections of the defendant, the plaintiffs were permitted to introduce oral evidence tending to prove that the decree set out in the petition was in conformity with the judgment orally announced by the special judge, and in rebuttal thereof the defendant introduced oral evidence tending to prove that the decree entered was in conformity with the judgment orally announced by the special judge. That the attorney who was authorized to draw the decree, went immediately to his office, dictated it to a stenographer, who made a copy thereof from her notes, which was submitted to the judge and attorney on the other side, and thereafter the decree was duly recorded. After hearing all the evidence the court found "that the judgment heretofore rendered and now sought to be set aside was the judgment and decree of the court rendered in said cause," dismissed the plaintiffs' bill, and rendered judgment against them for costs, and plaintiffs appeal.

The only error assigned for reversal is, that upon the evidence the finding should have been for the plaintiffs instead of for the defendants.

The evidence was oral and conflicting. The judge who

tried the case below was doubtless personally acquainted with the witnesses, knew their standing in the community, and their interest in the controversy. Had the benefit of their exact language, and its connection in the deliverance of their testimony, the opportunity of observing their manner and bearing, and of noting any *indicia* of favor or prejudice, or of a loose or retentive memory on the part of the witnesses, and was altogether in a much better position to judge the credibility of the witnesses, weigh their testimony and determine the preponderance of the evidence than we are. The evidence before us in the record affords no reason for believing that he determined that question unwisely, and deferring to his judgment thereon, as in such cases we are in the habit of doing, the judgment of the circuit court might well be sustained. But the judgment must be sustained on another ground.

This proceeding in the Scotland Circuit Court is to have a decree entered on its records, which it is alleged was rendered by said court, but which by mistake was not entered, as rendered. No fraud is charged. The mistake charged is necessarily the mistake of the clerk who is alone authorized to enter the decrees of the court upon its record. The proceeding, by whatever name called, is simply for the purpose of amending a decree of that court duly entered of record, by correcting an alleged clerical mistake therein. That the court had the power to thus correct the alleged mistake, is well-settled law. [Hanly v. Dewes, 1 Mo. 16; Gibson v. Chouteau's Heirs, 45 Mo. 171; Turner, Ex., v. Christy, 50 Mo. 145; Priest v. McMaster, 52 Mo. 60; Jillett v. Union Nat. Bank, 56 Mo. 304; Fletcher v. Coombs, 58 Mo. 430.] But it is also just as well settled by a long and uniform course of decision in this State, that such a mistake can not be established by oral evidence. That the decree of a court of general jurisdiction duly entered of record imports verity, and can not be changed or altered on the ground of clerical mistake, except by evidence contained in some written record, minute entry,

memorandum or paper in the case.    [Young v. Young, 165 Mo. 630; Railroad v. Holschlag, 144 Mo. 253; Atkinson v. Railroad, 81 Mo. 50; Belkin v. Rhodes, 76 Mo. 643; Ex. Nat. Bank v. Allen, 68 Mo. 474; State ex rel. v. Primm, Judge, 61 Mo. 166; Robertson v. Neal, 60 Mo. 579; Fletcher v. Coombs, supra.]

The facts alleged in the petition are only those upon which might have been predicated an application by motion and notice for the same relief, by an order for an entry *nunc pro tunc*, and the rules of evidence in such case can not be changed by filing a petition and calling it a bill in equity.    In any view of the case, the judgment of the circuit court ought to be affirmed, and it is so ordered.    All concur.