THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.* AUGUSTA N. ROSENWALD, Appellee.

*Opinion filed February 17, 1915.*

1. BILLS OF EXCEPTIONS—*party who presents bill in time is not prejudiced by delay of judge.* A party who, within the time prescribed for filing the same, presents his bill of exceptions to the judge who tried the cause will not be prejudiced by the neglect or refusal of the judge to sign the bill of exceptions until after such time has expired.

2. SAME—*time when a bill of exceptions was signed must affirmatively appear from the record.* The time when a bill of exceptions was settled and signed must be shown affirmatively on the record, and should, on its face, appear to have been taken and signed at the trial.

3. SAME—*mere absence of trial judge does not authorize another judge to sign bill of exceptions.* The provision of section 81 of the Practice act which authorizes a judge other than the trial judge to sign a bill of exceptions in case the trial judge is unable to sign the bill "by reason of death, sickness or other disability," means a "disability" of a physical or mental nature by which the trial judge is disabled from performing his judicial functions, and does not include the mere absence of the trial judge from the district or circuit.

4. SAME—*a judge other than the trial judge may extend time for filing a bill of exceptions.* In the absence of the trial judge another judge of the same court or circuit may, within the time granted for filing the bill of exceptions, extend such time by an order of record, and the bill may thereafter be signed by the trial judge without a *nunc pro tunc* order; or if the other judge does not extend the time but merely marks the bill as presented, such entry would be sufficient to furnish a basis for a *nunc pro tunc*

order by the trial judge in signing the bill, provided it was recited that the entry was made by the other judge while he was presiding in the court, and that due diligence had been shown by the appellant in seeking to present the bill to the trial judge before presenting it to the other.

5. SAME—*rule when trial judge signs a bill of exceptions nunc pro tunc*. If the trial judge signs a bill of exceptions *nunc pro tunc* as of the date of the presentation of the bill to another judge, there must be sufficient matters in the record itself to show affirmatively that the trial judge was authorized, under the law, to enter such order, where the record itself shows that the bill was not actually signed within the time granted for filing the bill, and if no such authority is shown the bill is not properly in the record.

APPEAL from the Municipal Court of Chicago; the Hon. HARRY OLSON, Judge, presiding.

MACLAY HOYNE, State's Attorney, and HART E. BAKER, for appellant.

ADLER & LEDERER, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was an action brought by appellant in the municipal court of Chicago to recover taxes on the personal property of appellee for the year 1913, under section 230 of the Revenue act. (Hurd's Stat. 1913, p. 2065.) The claim filed was for $7826.11. The trial court allowed and entered judgment for $782.61. This appeal followed.

Counsel for appellee have made a motion to strike the bill of exceptions from the record on the ground that it was not presented to the trial judge within sixty days for signing and sealing. This motion was taken with the case and the question has been argued at length in the briefs.

The judgment was entered August 12, 1914. Under section 38 of the Municipal Court act a bill of exceptions "may be tendered to the judge at any time within sixty days after the entry of a final order or judgment, or within such further time thereafter as the court, upon application made therefor within such sixty days, may allow."

(Hurd's Stat. 1913, p. 738.)    No order was entered extending the time, and it is agreed that the bill of exceptions, under this statute, should have been presented to the trial judge, Harry Olson, on or before October 11, 1914. The bill of exceptions in this record has this entry upon it in writing: "Presented this 10th day Oct. 1914.—Jacob H. Hopkins, Judge." At the close of the bill of exceptions is a certificate in the ordinary form, which ends with the sentence: "And this is accordingly done this 21st day of October, A. D. 1914, *nunc pro tunc* as of October 10, 1914.— Harry Olson, (Seal) Judge." No other entry on the transcript of the record has been called to our attention, and we have found none, which bears in any way on the question of the time when the bill of exceptions was presented or signed or the reason for the entry of the *nunc pro tunc* order.

Counsel on both sides state that section 81 of the Practice act has been adopted by rule 23 of the municipal court, and therefore applies here and should be construed in deciding this question, along with said section 38 of the Municipal Court act. We will so assume for the purposes of this case.

That part of section 81 of the Practice act which we are asked to construe reads: "A bill of exceptions, certificate of evidence, or report of trial allowed in any cause shall be deemed sufficiently authenticated if signed by the judge of the court in which the cause was tried or by the presiding judge thereof, if more than one judge sat at the trial of the cause, without any seal of the court or judge annexed thereto. And in case the judge before whom the cause has heretofore been, or may hereafter be tried, is, by reason of death, sickness, or other disability, unable to hear and pass upon a motion for a new trial in a case at law, and allow and sign a bill of exceptions, certificate of evidence or report of trial, then the judge who succeeds such trial judge, or any other judge of the court in which the

cause was tried, holding such court thereafter, if the evidence in such case has been or is taken in stenographic notes, or if the said judge is satisfied by any other means that he can pass upon such motion in a case at law, and allow a true bill of exceptions, certificate of evidence, or report of trial, shall pass upon said motion, in a case at law, and allow and sign such bill of exceptions, certificate of evidence or report of trial; and his ruling upon such motion in a case at law, and allowance and signing such bill of exceptions, certificate of evidence, or report of trial, shall be as valid as if such ruling and allowance and signing had been made by the judge before whom such cause was tried." (Hurd's Stat. 1913, p. 1871.)

Previous to 1907 the general Practice act of this State contained no provisions of this kind. This court, however, had made numerous rulings before the passage of this portion of said section 81 of the Practice act which had more or less bearing on the question here under consideration. In *David* v. *Bradley,* 79 Ill. 316, the court held that a bill of exceptions signed by one judge without the consent and against the objections of one of the. parties, containing proceedings which took place wholly before another judge, was irregular and unauthorized. In *Alley* v. *McCabe,* 147 Ill. 410, the question was raised after the death of the trial judge whether. any other judge had authority to sign the bill of exceptions, and it was there intimated that even though this might be done, it would only be permitted where the record showed that the appellant had used due diligence to obtain a bill of exceptions, not only after but before the death of the trial judge. Later, in *People* v. *McConnell,* 155 Ill. 192, the same case being under consideration, it was held, after a review of the authorities, that after the death of the trial judge, after verdict but before motion for new trial, the succeeding judge had authority, and it was his duty, to decide the motion for new trial. By a long and unbroken line of decisions this court has also held that

a bill of exceptions was originally intended to be reduced to form and signed during the term in which the cause is tried, except in cases where counsel consent, or the judge by an entry on the record directs, that it may be prepared in vacation and signed *nunc pro tunc.* (*Evans* v. *Fisher,* 5 Gilm. 453; *Wabash, St. Louis and Pacific Railway Co.* v. *People,* 106 Ill. 652; *Burst* v. *Wayne,* 13 id. 664; *Hake* v. *Strubel,* 121 id. 321; *Ferris* v. *Commercial Nat. Bank,* 158 id. 237; *West Chicago Street Railroad Co.* v. *Morrison Co.* 160 id. 288; *Railway Conductors' Benefit Ass'n* v. *Leonard,* 166 id. 154; *Chaplin* v. *Illinois Terminal Railroad Co.* 227 id. 166; *Haines* v. *Danderine Co.* 248 id. 259; *Hill Co.* v. *Guaranty Co.* 250 id. 242.) This court held in *Parker* v. *Village of LaGrange,* 167 Ill. 623, that a bill of exceptions signed by a judge who was neither the judge who presided at the trial nor the regular judge of the court in which the case was tried, will be stricken, on motion, in the Supreme Court. The rule has long been settled in this jurisdiction that a party who presents his bill of exceptions to the judge who tried the cause, within the time prescribed for filing the same, having thus done all he can, will not be prejudiced by the neglect or refusal of the judge to sign the bill of exceptions until after the time fixed for that purpose has expired. (*Underwood* v. *Hossack,* 40 Ill. 98; *Magill* v. *Brown,* 98 id. 235; *Hawes* v. *People,* 129 id. 123; *Hall* v. *Royal Neighbors,* 231 id. 185; *Cincinnati Traction Co.* v. *Ruthman,* 26 Ann. Cas. [Ohio St.] 911, and cases cited in note.) The general rule is that the time when the bill of exceptions was settled and signed must be shown affirmatively on the record. (3 Ency. of Pl. & Pr. p. 474, and cases cited.) This court has said that in all cases the bill should appear, on its face, to have been taken and signed at the trial. (*Evans* v. *Fisher, supra,* p. 456; *Wabash, St. Louis and Pacific Railway Co.* v. *People, supra.*) We also said in *Hall* v. *Royal Neighbors, supra,* on page 192: "If the date of presentation appears on

the bill an order may be made, whenever it is afterward
signed and sealed, to file it *nunc pro tunc* as of the date
of such presentation to the judge."

A reading of the foregoing and other decisions of this
court makes it quite apparent that some of the provisions
of section 81 of the Practice act heretofore quoted were
the established law of this State before these provisions
were made a part of said act in 1907. Section 953 of the
United States statutes, as amended in 1900, contains sub-
stantially the same provisions as to bills of exceptions and
stenographic notes as are found in said section 81 of our
Practice act heretofore set out. (31 U. S. Stat. at Large,
1899-1900, p. 270.) It is manifest from comparing the
provisions of the two statutes that ours was copied from
that of the United States, with one or two slight changes
that in no way affect the question here under consideration.

While this court has never had occasion, since its enact-
ment, to construe our statute on the questions here under
consideration, the Federal courts have passed upon some
features of the Federal statute. It has been held that the
words "other disability," in the phrase "by reason of death,
sickness or other disability," should be construed to be a
physical or mental disability of like character to death or
sickness, by which the trial judge is disabled from the per-
formance of judicial functions, and his absence from the
district or circuit, merely, does not authorize the allow-
ance and signing of a bill of exceptions by another judge.
(*Western Dredging and Improvement Co.* v. *Heldmaier,*
49 C. C. A. 264.) We agree with the reasoning of that
decision. Our statute must be construed, on this question,
in the same manner. It may be noted in passing that the
statute in question does not refer in any way to marking a
bill of exceptions as presented, but only to the final signing
of the bill. The Federal court, in a later opinion involving
the same case, held that the judge who actually tried the
case, on the recitation in the bill of exceptions by him that

he was absent from the circuit and that the bill could not
be presented to him within the time permitted by the stat-
ute as his whereabouts could not be ascertained by the
attorneys in time to present it to him, could, to prevent in-
justice, under such circumstances sign the bill and allow it
to be filed by a *nunc pro tunc* order. (*Western Dredging
and Improvement Co.* v. *Heldmaier,* 53 C. C. A. 625.)
There is an intimation in the opinion in that case and the
authorities cited therein that this could be done by the trial
judge on a proper showing and the recitation of that show-
ing in the certificate of the judge, or by the bill of ex-
ceptions, without having any court memoranda upon which
to base such *nunc pro tunc* order. Under the decisions in
this State a *nunc pro tunc* order cannot supply an omission
to make an order. "The office of an order *nunc pro tunc*
is only to supply some omission in the record of an order
which was really made but omitted from the record. If an
order is actually made by the court but there is a failure
to enter it, the court may correct the mistake in failing to
enter the order and make the record show the order which
the court actually made as of the time it was made. No
court has a right to create an order by that method or to
supply an order which was never, in fact, made. A *nunc
pro tunc* order cannot be made to supply an omission to
make an order, but only an omission in the record of the
order." (*Lindauer* v. *Pease,* 192 Ill. 456, and cases cited.)
To the same effect see *Stein* v. *Meyers,* 253 Ill. 199. And
where there is no minute or memorial paper in the records
to show that the order was, in fact, made, it cannot, under
these decisions, be so entered. This rule in this State is in
accord with the weight of the authority in other jurisdic-
tions. *Cleveland Leader Printing Co.* v. *Green,* 52 Ohio
St. 487; *Jillett* v. *Union Nat. Bank,* 56 Mo. 304; *Cox* v.
*Gress,* 51 Ark. 224; 15 Ency. of Pl. & Pr. 344; 17 id. 934.

When the bill of exceptions was presented to Judge
Hopkins on October 10, 1914, he undoubtedly could have

entered an order in his court extending the time within which the bill of exceptions might be signed by the trial judge, Olson, as neither the Municipal Court statute nor the Practice act forbids an extension beyond that date. (*Western Dredging and Improvement Co.* v. *Heldmaier,* 53 C. C. A. 625; *Railway Conductors' Benefit Ass'n* v. *Leonard, supra; Hill* v. *City of Chicago,* 218 Ill. 178; *Pieser* v. *Minkota Milling Co.* 222 id. 139.) This order would appear of record, and if within the time thus extended the bill had been presented to Judge Olson and signed, it could then have been filed without a *nunc pro tunc* order. Had Judge Olson, when it was presented to him on October 21, 1914, recited in his *nunc pro tunc* order the entry by Judge Hopkins on the bill of exceptions, it would be sufficient to furnish a basis for the entry of such a *nunc pro tunc* order, provided it was recited that such entry had been made by Judge Hopkins on said record while he was presiding in the municipal court, (see *United States Life Ins. Co.* v. *Shattuck,* 159 Ill. 610,) and that due diligence had been shown by appellant in seeking to have the bill presented to the trial judge before it was presented to Judge Hopkins. Under the Federal authorities already cited, such a recitation of the facts in the certificate of the judge, with this court memorandum to base them on, would have been sufficient to authorize the entry *nunc pro tunc.* (See, also, *Chicago, Milwaukee and St. Paul Railway Co.* v. *Walsh,* 150 Ill. 607.) These facts could also be shown by a bill of exceptions properly authenticated and made a part of the record. That is, if a *nunc pro tunc* order is entered there must be sufficient in the record itself to show affirmatively that the trial judge was authorized, under the law, to enter such order. This bill does not show on its face, affirmatively, why Judge Hopkins made the entry that he did on the transcript of record or the authority by which Judge Olson entered the *nunc pro tunc* order. Had Judge Olson signed the bill of exceptions as of October 10, 1914, in

the absence of any evidence in the record showing that it was signed on a different date without authority, this court would presume he had authority to so sign. (*Wallahan* v. *People,* 40 Ill. 103; *Village of Hyde Park* v. *Dunham,* 85 id. 569; *Chicago, Milwaukee and St. Paul Railway Co.* v. *Walsh, supra; Nagel* v. *People,* 229 Ill. 598.) A different situation, however, is presented in this case, as the record itself shows that the bill of exceptions was not signed within the time allowed by the statute.

Counsel for appellant further insist that this motion to strike should not be allowed here, because appellee and her counsel stood by and permitted, without objection, the *nunc pro tunc* order to be entered. We find nothing in the record indicating that appellee or her counsel consented to the entry of this *nunc pro tunc* order. If the record so showed, then the holding of this court in *Brethold.* v. *Village of Wilmette,* 168 Ill. 162, would control, and appellee could not now object. The question of what is in the record may be tried by the record at any time. (*Haines* v. *Danderine Co.. supra.*) Appellee has not waived, on this record, the right to raise the objection that the bill of exceptions was not signed within the time allowed by law. See *Reliable Incubator and Brooder Co.* v. *Stahl,* 42 C. C. A. 522.

The motion to strike the bill of exceptions from the transcript of the record must be allowed.

The assignments of error filed in this court all being based upon the matters in the bill of exceptions and not on anything contained in the common law record, and the bill of exceptions having been stricken, the judgment of the municipal court must be affirmed.    *Judgment affirmed.*