# CASES.

# FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1919.

Jerome Koscal, by Wendel Koscal, Appellee, v. Sidney Wolfson and Henry Wolfson, trading as Wolfson & Company, Appellants.

## Gen. No. 24,568.

1. MUNICIPAL COURT OF CHICAGO, § 27*—*when bill of exceptions will be stricken from record.* A bill of exceptions was stricken from the record, where it appeared that the time for its filing expired on July 3 when it was marked as presented to one of the judges of the Municipal Court other than the trial judge and ordered to be filed, and where the signature to its completeness was dated September 3 following, *nunc pro tunc* July 3, and where subsequently the trial judge appended a statement dated September 24, that when the bill was so presented he was outside the State "taking a much needed rest" and so "unable" to hold court and sign such instrument, and that by·long-distance telephone he directed that the judge to whom his cases were assigned should sign for him.

2. MUNICIPAL COURT OF CHICAGO, § 27*—*when signing of bill of exceptions after last day for filing will be unavailing.* The signing of a bill of exceptions after July 3, which was the last day for its filing, and on which day it had been marked as presented by a judge

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

(1)

other than the trial judge, with the use of the words *nunc pro tunc*, was unavailing when there was in fact no order to that effect and nothing apparently upon which it could be based.

3. APPEAL AND ERROR, § 843*—*when judge "disabled" from signing bill of exceptions.* Question, whether the absence of the trial judge by reason of "taking a much needed" rest, and being so "unable" to hold court and sign the bill of exceptions in question, was such a "disability" as is contemplated by section 81 of the Practice Act (J. & A. ¶ 8618), providing for the signing of bills of exceptions, etc., by a judge other than the trial judge, in cases of disability, etc.

Appeal from the Municipal Court of Chicago; the Hon. HARRY P. DOLAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1918. Affirmed. Opinion filed October 10, 1919. Rehearing denied October 21, 1919.

SCHUYLER & WEINFELD, for appellants.

JACOB LEVY and JOSIAH BURNHAM, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

This is an appeal from a judgment of the Municipal Court for $1,000 in favor of the plaintiff in a personal injury suit. The errors assigned are based upon what is contained in the bill of exceptions only, which the plaintiff has moved to strike from the transcript of record because not signed in due time by the trial judge. The facts on which the motion rests are as follows:

The time allowed for filing the bill of exceptions expired July 3, 1918, when it was marked as presented to one of the judges of said court, and ordered to be filed. The certificate to its completeness and correctness is dated and signed as follows: "Dated this third day of September, 1918, *nunc pro tunc* July 3, 1918." Appended is a statement certified to by the trial judge on September 24, 1918, to the effect that when the bill of exceptions was so presented he was outside the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

State "taking a much needed rest" and so "unable" to hold court and sign such instruments; that defendant showed due diligence in seeking to present the said bill and report to him for signature, and that he directed by long-distance telephone that the judge to whom his cases were assigned should sign for him.

There is no order of court in the transcript of record bearing on this subject except that above referred to directing the bill of exceptions to be filed on the date it was presented. But the filing of it was unavailing unless it was properly signed as of said date. It was not enough to that end that the trial judge signed it at a subsequent date using the words "*nunc pro tunc* July 3, 1918," when there was in fact no order to that effect and nothing apparently upon which it could be based.

The facts are similiar to those in *People v. Rosenwald,* 266 Ill. 548. In that case the bill of exceptions was presented within proper time to another judge of the court in the absence of the trial judge, who after the time for presenting the same for signature had elapsed signed it, reciting that it was done *nunc pro tunc* as of the date it was presented to the other judge. The court held that if the trial judge had signed the instrument as of the date it was presented in the absence of any evidence showing that it was signed on a different date without authority, it would be presumed he had authority so to sign; but where it was at a later date after the time for signing had expired, and there was nothing on which to base a *nunc pro tunc* order, then a recitation or order that it was done *nunc pro tunc* was unavailing and unauthorized under our practice. The court said: "If a *nunc pro tunc* order is entered there must be sufficient in the record itself to show affirmatively that the trial judge was authorized, under the law, to enter such order"; and, referring to facts similar to those at bar, said: "This bill does

not show on its face, affirmatively, why Judge Hopkins'' (to whom it was presented) ''made the entry that he did on the transcript of the record or the authority by which Judge Olson'' (the trial judge) ''entered the *nunc pro tunc* order.''

The supplemental certificate of the trial judge in the case at bar does not better the situation. Even if it could be deemed an amendent to his certificate that was authorized, the facts recited therein were until then locked up in his breast and were not duly preserved in a bill of exceptions, or recited by the presiding judge as a reason for presenting the bill of exceptions to him, and did not otherwise appear in the record, and hence would at that time have furnished no basis for a *nunc pro tunc* order, even if one had been made. The only authority the court had when it signed the certificate, whether on September 3 without explanation, or September 24 with one, was such as had a basis for a legal order to sign the bill *nunc pro tunc,* and the record furnishes no such basis.

In view of the rulings on this subject, the seeming harshness of the situation is one that can be obviated only by proper recitals made by the judge to whom the bill is presented or otherwise preserved in the record, or by recourse to the legislature. But the statute bearing on the subject cannot be stretched to cover a situation like this, even if the explanation could be deemed as setting forth such a ''disability'' as is contemplated by section 81 of the Practice Act (J. & A. ¶ 8618). (See *Rosenwald* case, *supra,* p. 553.) Accordingly the motion to strike the bill of exceptions must be allowed. As none of the assignments of error rest on the common-law record, the judgment must be affirmed.

*Affirmed.*