## Thomlinson Riley Company, Plaintiff in Error, v. Feinberg & Kahn (corporation), Defendant in Error.

### Gen. No. 25,830.

1. APPEAL AND ERROR, § 843*—*who may sign bill of exceptions.* The words "other disability," in section 81 of the Practice Act (J. & A. ¶ 8618), providing that the only grounds authorizing another than the trial judge to pass on the motion for a new trial and certify to the bill of exceptions are the latter's "death, sickness or other disability," must be construed to be a physical or mental disability of like character to death or sickness, by which the trial judge is disabled from the performance of judicial functions, and his absence from the district or circuit, merely, does not authorize the allowance and signing of a bill of exceptions by another judge.

2. APPEAL AND ERROR, § 1709*—*what error may be waived on appeal.* The failure to observe the formalities necessary to validate a bill of exceptions and make it a part of the record may be waived by the opposing party.

Error to the Municipal Court of Chicago; the Hon. HARRY C. MORAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1920. Affirmed. Opinion filed January 28, 1921. Rehearing denied February 9, 1921.

GEORGE R. JENKINS, for plaintiff in error.

MAXWELL N. ANDALMAN, for defendant in error; ANDALMAN, KOSTNER & ARVEY, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

A motion was made herein by defendant in error, before the term to which the writ was sued out, to strike the bill of exceptions from the record, which was denied. Since that time the case has been taken and printed briefs and arguments have been filed in

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

which defendant in error renews the points urged in such motion. As they seem to be well taken we cannot properly ignore them.

The bill of exceptions was never presented to the trial judge, but was presented for settlement and signing to another judge of the municipal court in which the case was tried, who signed and sealed the usual form of certificate as to its being a true bill of exceptions, etc., on June 26, 1919.

Following the certificate so signed is a document entitled in the cause and designated a "stipulation." It purports to be one between counsel for the respective parties but does not appear to have been filed, and could in no event form a part of the transcript of the record without incorporation in the bill of exceptions, of which it does not purport to be a part. It is, however, immaterial to the point under consideration. It is merely referred to because it precedes in the transcript another paper or document entitled in the cause and designated as "Order directing correct stenographic report of the evidence, correct statement, and bill of exceptions filed and made a part of the record." There is no preliminary recital by the clerk that either of these documents was ever filed or that such an order was ever entered. Underneath the latter appear the words: "Entered: June 26, 1919," and the signature of the judge who had signed said bill of exceptions. Apparently this was a draft order presented for filing and entry, but there is no recital by the clerk in the transcript of the record indicating that it was either filed or entered.

But assuming that it was, it did not cure the failure to present the bill of exceptions to the trial judge within the time allowed for that purpose, which expired July 2 following, nor is there anything mentioned in the order which furnishes a legal excuse for not doing so.

The trial judge was called from another county to

preside at the trial, and the only excuse found in
said ''order'' or certificate—whichever it may be
deemed—for not presenting the bill of exceptions to
him is that he was no longer sitting as a judge of that
court, and was out of its jurisdiction, and would prob-
ably remain out until the expiration of the time fixed
for presenting the bill of exceptions. But none of
these grounds brings the case within the provision
of the statute permitting another than the trial judge
to sign a bill of exceptions.

There was no showing of the latter's ''death, sick-
ness or other disability,'' the only grounds under
which section 81 of the Practice Act (J. & A. ¶ 8618)
authorizes another judge to pass on the motion for a
new trial and certify to the bill of exceptions. Con-
struing the words ''other disability'' in said clause,
our Supreme Court said in *People v. Rosenwald,* 266
Ill. 548, that it agreed with the construction put on
similar language by the federal courts that they'
''should be construed to be a physical or mental dis-
ability of like character to death or sickness, by which
the trial judge is disabled from the performance of
judicial functions, and his absence from the district
or circuit, merely, does not authorize the allowance
and signing of a bill of exceptions by another judge.''
And in a later decision, *City of East St. Louis v. Vogel,*
276 Ill. 490, it is said:

''There was no authority for presenting the bill of
exceptions for settlement to a judge who did not try
the case, and there was no presentation to another
judge who was authorized to settle the bill of excep-
tions within the time fixed for that purpose.''

In the face of such language and the construction
put upon the statute, we cannot disregard the failure
to observe the formalities necessary to validate the
purported bill of exceptions and make it a part of the
record, unless, as contended by appellant, the defects
have been waived. But we find nothing that can be

construed into a waiver. The only stipulation that is a part of the record provides for the use of the original bill of exceptions on this appeal, but "without waiving any rights of the parties hereto as shown by said record and also without prejudice to any point or points which are, can or may be raised and which are contained in said record." Accordingly we must recognize the points made as to the state of record and strike therefrom such purported bill of exceptions, and as no error in the common-law record is pointed out or argued, the judgment must be affirmed.

*Affirmed.*

GRIDLEY and MATCHETT, JJ., concur.