THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LOUIS DITTO, Plaintiff in Error.

*Opinion filed June 18, 1925.*

CRIMINAL LAW—*when judgment must be affirmed—bill of exceptions.* The judgment of the trial court in a criminal case must be affirmed where the only errors relied upon relate solely to the admission and exclusion of evidence, the weight of the evidence and the giving of instructions and where there is no bill of exceptions properly in the record preserving such questions for review.

WRIT OF ERROR to the Circuit Court of Williamson county; the Hon. R. R. FOWLER, Judge, presiding.

CHARLES C. MURRAH, R. T. COOK, and RUFUS NEELY, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, CHARLES T. FLOTA and A. O. BOSWELL, State's Attorneys, CHARLES F. MANSFIELD, and VIRGIL L. BLANDING, for the People.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Louis Ditto was indicted at the May, 1924, term of the circuit court of Williamson county for the murder of Fred Slater. His plea was not guilty. At the succeeding September term the jury returned a verdict finding him guilty and fixing his punishment at imprisonment in the penitentiary for the term of sixteen years. Motions for a new trial and in arrest of judgment were made and overruled, and on November 13, 1924, at the same September term, he was sentenced in accordance with the verdict and allowed ninety days from that date within which to file his bill of exceptions. On January 24, 1925, within the ninety-day period, a bill of exceptions was presented to and signed and

sealed by the trial judge. The September term of the circuit court was adjourned on January 31, 1925. There was no extension of the time for filing a bill of exceptions. Seeking to reverse the judgment, Ditto on February 28, 1925, sued a writ of error out of this court, and on the same day a transcript of the record purporting to contain an original bill of exceptions was filed. On April 10, 1925, the defendant in error suggested to this court a diminution of the record, and made a motion for leave to supply by filing instanter a short record. The motion was allowed. The short record fails to show an agreement or stipulation to incorporate the purported original bill of exceptions in the transcript of the record, but it does show affirmatively that no bill of exceptions was ever filed in the office of the clerk of the circuit court. The defendant in error then moved, for the two reasons stated, to strike the purported bill of exceptions from the transcript of the record. That motion also was allowed.

The errors assigned and argued by the plaintiff in error relate solely to the admission and exclusion of evidence, the weight of the evidence and the giving of instructions. These matters, and questions arising out of them, can only be preserved for review by a bill of exceptions. No error is otherwise assigned and relied upon, and since the purported bill of exceptions has been stricken from the transcript of the record the judgment of the trial court must be affirmed. *People* v. *Rosenwald,* 266 Ill. 548; *Haines* v. *Danderine Co.* 248 id. 259; *Wurlitzer Co.* v. *Dickinson,* 247 id. 27; *Lassers* v. *North German Lloyd Steamship Co.* 244 id. 570.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*