(No. 16720.—Judgment affirmed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM MURPHY, Plaintiff in Error.

*Opinion filed October 28, 1925.*

CRIMINAL LAW—*when judgment must be affirmed for want of bill of exceptions.* Where the only points relied upon by the defendant for a reversal of a judgment of conviction are matters which can only be preserved for review by a bill of exceptions and where the document which purports to be a bill of exceptions has been stricken from the transcript of the record, the judgment of the trial court must be affirmed.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding.

JOHN G. FRIEDMEYER, A. M. FITZGERALD, and H. C. MOORE, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, H. E. FULLENWIDER, State's Attorney, MERRILL F. WEHMHOFF, CHARLES F. MANSFIELD, and WILLIAM J. LAWLER, for the People.

Mr. JUSTICE HEARD delivered the opinion of the court:

Plaintiff in error was indicted, tried, convicted and sentenced in the circuit court of Sangamon county for the crime of embezzlement, and the record of the proceedings in that court is now before this court for review upon writ of error.

The transcript of the record of the circuit court contained what purported to be a bill of exceptions. Upon motion of defendant in error the purported bill of exceptions was stricken from the transcript of the record. The statement, brief and argument for plaintiff in error contain the following: "The points relied upon for the reversal of this case and the errors committed by the trial court are as fol-

lows." This statement is followed by the statement of five points, each one of which has relation solely to matters contained in the purported bill of exceptions. The questions raised by these points are matters which can only be preserved for review by a bill of exceptions. Since the only points relied upon by plaintiff in error for a reversal of the judgment of the circuit court are matters which can only be preserved for review by a bill of exceptions, and the purported bill of exceptions having been stricken from the transcript of the record, the judgment of the trial court must be affirmed. *People* v. *Rosenwald,* 266 Ill. 548; *People* v. *Ditto,* 317 id. 576.

*Judgment affirmed.*