## J. W. Du Comb, Appellee, v. Edward Schwartzman, Appellant.

1. REMOVAL OF CAUSES—*jurat where petition sworn to in another State.* A petition for removal of a suit to Federal Court purporting to be sworn to before a notary in another State, the jurat of which contained no statement that the notary was authorized under the law of such State to administer oaths, is insufficient.

2. APPEAL AND ERROR—*sufficiency of bill of exceptions to present rulings on removal of cause.* Unless a motion and petition for the removal of a cause to the Federal Court, with an amendment thereto showing that the jurat was administered by a notary thereto authorized under the laws of a foreign State, are included in the bill of exceptions, the rulings of the trial court thereon will not be before the Appellate Court for review.

3. HIGHWAYS AND STREETS—*when verdict in action for automobile collision sustained.* On a conflict of evidence in a suit for personal injuries, the defendant offering proof that his truck with flat tire was too large to be driven off the road, that he left his lights burning on account of the mist, and that plaintiff was driving at negligent speed when he collided with defendant's truck, and the plaintiff offering proof that he was only driving at from 16 to 23 miles an hour and that no lights were visible on defendant's truck, the evidence was sufficient to support the jury's verdict for the plaintiff.

Appeal by defendant from the Circuit Court of Clinton county; the Hon. Thomas M. Jett, Judge, presiding. Heard in this court at the October term, 1926. Affirmed. Opinion filed February 19, 1927.

H. J. C. Beckemeyer and John T. Sluggett, Jr., for appellant.

M. B. Johnston and Andrew O. Niehoff, for appellee.

Mr. Justice Higbee delivered the opinion of the court.

This is an appeal by Edward Schwartzman, defendant below, from a judgment of the circuit court of Clinton county against him in favor of J. W. Du Comb in the sum of $7,000 for personal injuries received by appellee when an automobile in which he was riding collided with a truck of appellant which was standing on the State hard road, a short distance east of the village of Beckemeyer in Clinton county.

Appellant is a resident of the State of Missouri and filed a petition asking for the removal of this cause to the Federal District Court for trial. This motion was denied by the trial court. The only grounds for a reversal of this judgment argued by appellant are the action of the trial court in denying his petition for a removal of the case and the claim that the evidence shows that appellee was guilty of contributory negligence.

The petition for removal of this cause to the Federal Court purported to be sworn to before a notary public of the State of Missouri, but the jurat did not contain the statement that such notary had authority under the laws of the State of Missouri to administer oaths. It is admitted by all the parties to this suit that, under the authority of *Trever v. Colgate*, 181 Ill. 129, the petition and jurat were in this respect insufficient.

Appellant, however, claims that he entered a motion for leave to amend the jurat and file a certificate of the clerk of the circuit court of the city of St. Louis certified to under the Act of Congress that the notary whose jurat was affixed to the certificate was a notary public in and for the city of St. Louis, Missouri, duly commissioned and qualified as such on December 13, 1924, and that by the laws of the State of Missouri he was duly authorized as such notary public to adminis-' ter oaths. It is further claimed by appellant that the court overruled this motion and proceeded with the trial of the cause. The alleged ruling of the trial court upon the motion for the removal of the cause is not before this court for review, for the reason that the motion and petition for the removal of this cause are not included in the bill of exceptions, and they can only become a part of the record by being included in a bill of exceptions. (*Cromie v. Van Nortwick,* 56 Ill. 353; *Merchants' Despatch Transp. Co. v. Joesting,* 89 Ill. 152; *Wabash, St. L. & P. Ry. Co. v. People,* 106 Ill. 652.) Not only are the motion and petition for removal omitted but even the amendment failed to be included in the bill of exceptions and therefore we cannot consider the question of the removal of this appeal. (*Peirce v. Walters,* 164 Ill. 560; *Bunyan v. American Glycerin Co.,* 230 Ill. App. 351.)

Appellant's agent was driving a large truck between Beckemeyer and Carlyle, Illinois, along Route 12 of the State hard road on the day of the accident. It is contended by appellant that his driver had a flat tire; that it was impractical for him with the large truck he had in charge to drive off the pavement; that he left his lights burning because it was a foggy, misty day, and that appellee was driving at such a rate of speed as to constitute negligence under those conditions; that by reason of such negligence of appellee he ran into the rear of appellant's truck and the ac-

cident occurred. Appellee and his driver, however, testified that they were driving from 16 to 23 miles an hour and that no lights were visible on the rear of appellant's truck. They were corroborated by several witnesses who testified as to the fact there were no lights on the truck and that the truck had stood on the pavement for several hours. Without setting out the evidence in detail it is sufficient to say that if the jury believed appellee's witnesses as against the driver of appellant's truck, the evidence is sufficient to support the verdict. No argument is made concerning the giving or refusing of instructions or the admitting or refusing of evidence and the damages allowed do not appear to be excessive.

The judgment will therefore be affirmed.

*Judgment affirmed.*